WILLIAM G. NORTON v. KATHARINE E. NORTON.

179 So. 414.
Division A.
Opinion Filed February 25, 1938.

*Chappell & Brown* and *Ernest E. Roberts,* for Appellant; *Herbert U. Feibelman,* for Appellee.

BUFORD, J.—On the 7th day of January, 1937, final decree of divorce was entered in the Circuit Court of Dade County, Florida, in a suit instituted by appellee. The final decree did not adjudicate either alimony or suit money. Paragraph 5 of the decree was as follows:

"5. That the property agreement, dated July 24, 1936, heretofore entered into between the parties herein, entered in evidence at the hearing before the Special Master, Troy C. Davis, as plaintiff's Exhibit 1, be, and the same is hereby accepted and ratified by this Court as the final property settlement between the parties herein in lieu of any award of alimony, suit money, or attorney's fees, a true copy of the said agreement being hereto attached and made a part hereof."

The pertinent part of the agreement referred to is as follows:

"Now, THEREFORE, THIS AGREEMENT WITNESSETH:

"IN CONSIDERATION of the mutual premises herein contained and of the money agreed to be paid and property

transferred, it is agreed between the parties hereto as follows:

"FIRST: The party of the second part agrees to transfer and convey to the party of the first part all his right, title and interest of, in and to the property at Luzerne, New York, now standing in the names of both of the parties hereto. The deed conveying the interest of the party of the second part, shall be deposited in escrow with the escrowee hereinafter named to abide the terms more specifically hereinafter set forth.

"SECOND: The party of the second part agrees to deposit with the escrowees for the benefit of the party of the first part the sum of Five Thousand ($5,000) Dollars; One Thousand ($1000) Dollars thereof on signing hereof; One Thousand Five Hundred ($1,500) Dollars thereof shall be deposited with the Escrowees on or before July 29, 1936; and the other half, or Twenty-five Hundred ($2500) Dollars shall be paid over to the Escrowee on or before December 1, 1936. The sum of Four Thousand ($4,000) Dollars and the deed to the Luzerne property shall be turned over to the party of the first part by the escrowees upon receipt by the escrowees of a certified copy of a final decree of divorce in favor of the party of the first part and against the party of the second part.

"THIRD: The party of the second part agrees to pay to the party of the first part, in addition to the sums above set forth, the sum of Four Hundred and Fifty ($450) Dollars to cover her personal expenses in making the trip to Florida. The sum shall be paid at the rate of $35.00 per week commencing August 1, 1936, and shall be mailed to the party of the first part at the address furnished by her.

"FOURTH: In addition to that sum the party of the second part agrees to pay to CHARLOTT K. NORTON the sum

of Fifteen ($15) Dollars per week commencing on the first day of September, 1936, and continuing until her two-year school period expires, not including the two-months summer vacation period, if any vacation period is granted to students.

"FIFTH: The party of the second part agrees to deposit with the attorney for the party of the first part the sum of Five Hundred ($500) Dollars, to be used by the said attorney to defray the expenses of securing a divorce for the party of the first part in the State of Florida. The balance of said Five Hundred ($500) Dollars after the payment of legal fees shall belong and be payable to the party of the first part after the entry of the final decree. The party of the first part agrees to establish her residence in the State of Florida and institute her divorce action against the party of the second part as soon as reasonably possible and prosecute the same to a speedy conclusion. In consideration of the payments made and property transferred, the party of the first part agrees to make no request for alimony in said divorce action and agrees that no alimony provision will be included in any final decree of divorce which may be granted to her. WILLIAM G. NORTON agrees to appear in said Florida action by an attorney so that said court shall have jurisdiction over both parties.

"SIXTH: The parties hereto agree to cancel and annul and do hereby cancel and annul the separation agreement now outstanding between the parties hereto and which is dated June 1, 1933, and the party of the first part agrees to waive all dower rights in the real property of the party of the second part.

"SEVENTH: The parties hereto further agree to stipulate in writing through their respective attorneys to mark the case of KATHARINE E. NORTON, plaintiff, against

WILLIAM NORTON, defendant, now pending in the Supreme Court of Queens County, settled and discontinued without costs.

"EIGHTH: The escrowees under the terms of this agreement shall be HENRY E. COLEMAN, 535 Fifth Avenue, New York City, and DANIEL J. BYRNE, of Ridgewood, New York. They agree to deposit the moneys to be paid to them under this agreement with the Manufacturers Trust Company, Fifth Avenue and 43rd Street, Branch, in a special account, and they agree to pay to the party of the first part the money so deposited with them upon receipt of a certified copy of a final decree of divorce in favor of the party of the first part and against the party of the second part, providing said divorce decree makes no provision for alimony.

"NINTH: The escrowees are hereby authorized and directed to pay at once to the party of the first part the sum of One Thousand ($1000) Dollars out of the funds they receive pursuant to paragraph 'SECOND' hereof.

"This agreement shall be binding upon the parties hereto, their legal representatives and assigns."

Jurisdiction of the cause, or of the parties, was not retained.

On April 5, 1937, appellee filed her petition in the Circuit Court of Dade County, Florida, for modification of final decree. Order was issued to non-resident former husband to show cause. The non-resident former husband filed special appearance annd motion to quash the order to show cause on the following grounds:

"1. The said rule nisi was issued without lawful foundation to support it.

"2. It affirmatively appears that the Court has no jurisdiction over the person of the defendant.

"3. It affirmatively appears that the Court has no jurisdiction to entertain the petition of Katharine E. Morton, upon which the rule nisi was issued.

"4. It affirmatively appears that the Court has no jurisdiction to award the relief prayed for by Katharine E. Norton, in the petition filed by her, being the petition upon which the rule nisi was issued.

"5. It affirmatively appears that the said rule nisi was not served upon the said William G. Norton according to law.

"6. There is no lawful proof of service of the said rule nisi.

"7. It is not made to appear from the petition of Katharine E. Norton, nor from any matter of record, that the said William G. Norton is within the terms and provisions of Chapter 16780, Acts of 1935, nor that he is subject to the jurisdiction of this Court by reason of said Act."

Motion to quash was denied. Thereupon, motion to strike petition was interposed stating the following grounds:

"1. The said petition does not state cause for relief in favor of Katharine E. Norton, and against William G. Norton.

"2. It affirmatively appears that the Court has no jurisdiction to entertain the petition of Katharine E. Norton, or to award the relief prayed for in said petition.

"3. The petition is founded upon Chapter 16780, Acts of 1935, and it affirmatively appears that the Court has no jurisdiction to award relief to Katharine E. Norton, under said Act.

"4. The prayer of the petition is for an order requiring William G. Norton to show cause why an identified final

decree of divorce should not be modified, and why a certain agreement identified in said petition, should not be set aside, and that Katharine E. Norton be allowed an increased allowance for support and maintenance. But it affirmatively appears that neither Katharine E. Norton, nor William G. Norton resided in the State of Florida on the date of the execution of said agreement, but on the contrary, both of said parties resided in the State of New York at the time the agreement was made and executed, and it further appears that said agreement was executed and fully performed in the State of New York. It further appears from said petition that the said Katharine E. Norton did not reside in the State of Florida on the date of her application and petition, and it further appears that the final decree identified in said petition does not require William G. Norton to make any payments to Katharine E. Norton and does not require any action or other thing to be done or not done by the said William G. Norton.

"5. It affirmatively appears that the said Katharine E. Norton did not file said petition in good faith.

"6. It affirmatively appears that the said Katharine E. Norton has not entered a Court of Equity with clean hands.

"7. It affirmatively appears that the circumstances of Katharine E. Norton have not so changed as to warrant the intervention of a Court of Equity in Florida.

"8. It affirmatively appears that the said Katharine E. Norton dispersed monies received by her from William G. Norton for the support and maintenance of an adult daughter.

"9. It is not made to appear that Katharine E. Norton was unaware of the marriage of her adult daughter before the entry of the final decree identified in said petition.

"10. It affirmatively appears that the agreement identified in said petition was made and executed by the said Katharine E. Norton after she had sought and received advice of counsel and without fraud, duress or undue influence imposed upon her, but with full knowledge on her part of the nature and character of the agreement.

"11. The said agreement having been executed and fully performed, a Court of Equity in Florida has no power to make a new agreement for the parties.

"12. Under the circumstances alleged in said petition, a Court of Equity in Florida may not award relief to either party, but will leave the parties in the condition in which they placed themselves."

Motion to strike appears to have been ignored and thereupon the Court entered its order as follows:

"THIS CAUSE comes on to be heard upon the motion to strike the petition of KATHARINE E. NORTON filed by the defendant herein, WILLIAM G. NORTON, May 6, 1937. It affirmatively appears unto the Court from the record that the complainant has been duly notified and both parties, KATHARINE E. NORTON, complainant, and WILLIAM G. NORTON, defendant, appeared in this court by counsel, and it further affirmatively appears unto the court that the court has jurisdiction of both the complainant, KATHARINE E. NORTON, and the defendant, WILLIAM G. NORTON, and of the subject matter of the petition of the said KATHARINE E. NORTON for modification of final decree (filed April 5, 1937), and it further appears affirmatively unto the court that this court did enter its order dated and filed April 22, 1937, wherein and whereby the defendant, WILLIAM G. NORTON, was required to file his answer to said petition of KATHARINE E. NORTON within fourteen days from the date

of said order and has failed or refused to comply with said order, and the court being fully advised in the premises, it is

"ORDERED AND DECREED that the defendant, WILLIAM G. NORTON, be, and he is, hereby required to file in this Court his answer to the petition for modification of final decree filed by the complainant, KATHARINE E. NORTON, on April 5, 1937, within twenty days from the date of this order and he is further required to furnish complainant's counsel with a copy of said answer promptly after filing the same."

From this order appeal was taken.

The final decree of divorce closed the divorce suit, and as jurisdiction was not therein retained for any purpose, that decree became absolute before petition was filed praying modification thereof. The filing of that petition was the commencement of a new suit which could only be maintained by reason of the provisions of Chapter 16780, Acts of 1935, which proceeding is somewhat analogous to a suit by Bill of Review. The petitioner filing such a petition must substantially comply with the statute and may only proceed with the cause after service of process on the respondent, or after the voluntary appearance of the respondent.

That the proceeding was never intended to be or constitute a step in the original proceeding for divorce, is clearly apparent, because the statute provides that it may be instituted in a jurisdiction in which the divorce suit was not prosecuted.

The statute prescribes certain jurisdictional prerequisites and the existence of these prerequisites must appear affirmatively from the allegations of the petition. They are: (1) petition may be filed in the Circuit Court of the Circuit in which the parties, or either of them, shall have resided

at the date of the execution of a property settlement agreement; or (2) in any Circuit where either party may reside at the date of such application or in which agreement for property settlement or alimony shall have been executed; or (3) in any Circuit Court in which any husband has, pursuant to the decree of any court of competent jurisdiction been required to make to his wife any payments for, or in lieu of, separate support, maintenance or alimony.

The petition in this case shows that the property settlement referred to was executed in the State of New York. Therefore, the jurisdictional prerequisite first above mentioned did not obtain. The petition fails to show that either party resided in the jurisdiction of the court where the petition was filed at the date of the application. Therefore, the jurisdictional prerequisite secondly above mentioned is not made to appear.

The final decree shows that it did not contain any provision requiring the husband to pay to the wife any alimony or suit money but merely accepted and ratified as the final property settlement between the parties in lieu of any award of alimony, suit money or attorney's fees, that agreement herein above referred to.

There is a definitely recognized difference between a property settlement in connection with a divorce and an agreement to pay stated sums at certain intervals in lieu of alimony and suit money.

As the petition was filed in the same jurisdiction in which the decree of divorce was entered, we must hold that under the statute such Circuit Court had jurisdiction to entertain the petition and to issue process thereon. No summons in chancery was issued but when the respondent filed his motion to strike, which must be considered as a motion to dismiss, such conduct on his part amounted to a general

appearance. Thereby the Circuit Court acquired jurisdiction of the respondent.

The petition, however, fails to allege sufficient facts to warrant granting of the relief prayed. No change is shown in the financial ability of the husband since the execution of the agreement or of the final decree.

There is no change shown by the allegations of the petition in the circumstances of the parties since the execution of the agreement or the entry of the final decree, except that the wife alleges that she has spent most of the money which was paid over to her under the terms of the property settlement during the short interval between the date of the final decree and the date of filing her petition, the final decree having been entered, as heretofore stated, on January 7, 1937, and the petition having been filed on April 5, 1937.

The record shows that under the agreement, which was performed in full by the respondent, it was specifically and definitely agreed between the parties as follows:

"In consideration of the payments made and property transferred, the party of the first part agrees to make no request for alimony in said divorce action and agrees that no alimony provision will be included in any final decree of divorce which may be granted to her. WILLIAM G. NORTON agrees to appear in said Florida action by an attorney so that said court shall have jurisdiction over both parties."

The record shows that relying upon this agreement the respondent paid over to the petitioner all the money which he agreed to pay and conveyed to her all the property which he agreed to convey. It also shows that the petitioner received the money and property and has used the same in such manner as she has seen fit and, we hold, is hereby estopped under the allegations of her petition from now main-

taining this proceeding to require the respondent to pay over to her additional sums of money. See Mooty v. Mooty, opinion filed this Term of Court.

·. For the reasons stated, the order appealed from is reversed with directions that an order be entered dismissing the cause.

It is so ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.