## CAROLINE L. COHN v. LOUIS COHN

10 So. (2nd) 77                                    Division A
October 13, 1942

Otto C. Stegemann, and Basil H. Pollitt, for appellant.

Russell M. Yates, Charles M. Moon and A .N. Spence, for appellee.

WHITFIELD, J.:

This is an application for an interlocutory certiorari under Supreme Court Rules 27, 28 and 34, to review an order overruling a motion to quash the service by publication of process in a petition for modification of the provisions for alimony based on an agreement in a divorce decree.

Chapter 16780, Acts of 1935, contains the following:

"An Act Authorizing the Circuit Courts of the State of Florida to Modify or Confirm Payments for, or in Lieu of, Separate Support, Maintenance or Alimony, in Accordance with Voluntary Agreements Between Husband and Wife, or Pursuant to Decree of Court of Competent Jurisdiction, and Prescribing the Venue in Which Applications for This Purpose May be Instituted.

"*Be It Enacted by the Legislature of the State of Florida:*

"Section 1. Whenever any husband and wife heretofore, or hereafter, shall have entered into any agreement providing for the payments for, or in lieu of, separate support, maintenance of alimony, whether in connection with any action for divorce or separate maintenance, or with any voluntary property settlement, or whenever any husband has pursuant to the decree of any Court of competent jurisdiction been required to make to his wife any such payments, and the circumstances of the parties or the financial ability of the husband shall have been changed since the execution of such agreement, or the rendition of such decree, either party may apply to the Circuit Court of the Circuit in which the parties, or either of them, shall have resided at the date of the execution of such

agreement, or shall reside at the date of such application, or in which such agreement shall have been executed, or in which such decree shall have been rendered, for an order and judgment decreasing or increasing the amount of such separate support, maintenance or alimony, and the Court, after giving both parties an opportunity to be heard, and to introduce evidence relevant to the issue, shall make such order and judgment as justice and equity shall require, with due regard to the changed circumstances and the financial ability of the husband, decreasing or increasing or confirming the amount of separate support, maintenance or alimony provided for in such agreement, or in such decree, and thereafter the husband shall pay and be liable to pay the amount of separate support, maintenance or alimony directed in such order and judgment, and no other or further amount, and such agreement, or such decree, for the purpose of all actions or proceedings of every nature and wherever instituted, whether within or without this State, shall be deemed to be, and shall be, modified accordingly, and it shall be unlawful to commence, or cause to be commenced as party, or attorney, or agent or otherwise, in behalf of either party in any court any action or proceeding otherwise than as herein provided, nor shall any court have jurisdiction to entertain any action or proceeding otherwise than as herein provided to enforce the recovery of separate support, maintenance or alimony otherwise than pursuant to such order and judgment.

"Section 2. This Act is declaratory of existing public policy and laws of this State, which is hereby affirmed and confirmed in conformance with the provisions hereof, and it shall be the duty of the Circuit

Courts of this State to construe liberally the provisions hereof in order to effect the objects and purposes hereof and the public policy of the State as hereby declared.

"Section 3. All laws and parts of laws in conflict herewith are hereby repealed.

"Section 4. This Act shall take effect immediately upon its becoming a law.

"Approved June 1st, 1935.

"Filed in Office Secretary of State, June 3rd, 1935."

See Florida Statutes, 1941, Sec. 65.15.

The title and Section 1 of Chapter 20452, Acts of 1941, effective October 1, 1941, contain the following:

"An Act Relating To and Providing for Service of Process by Publication in Judicial Proceedings; for the Entering of Decrees Pro Confesso and Defaults thereon; for the Appointing of Guardians Ad Litem; for the Promulgation and Adoption of Court Rules in Connection Therewith; and for the Repeal of Sections 2609, 2610,. 3111, 3112, 3113, 3114, 3115, 3154, 3155, 3156, 3423 and 3453, of the Revised General Statutes of Florida; Chapters 8465 and 8467, Acts of 1921; Chapter 9319, Acts of 1923; Chapter 10102 as Amended and Chapter 11364, Acts 1925; Section 5, 6, 7 and 8 of Chapter 11829, Acts 1927; and Chapter 16881, Acts 1935, and Repealing All Other Laws and Parts of Laws in Conflict Herewith.

*"Be It Enacted by the Legislature of the State of Florida:*

"Section 1. Service of Process by Publication, in What Cases.—Service of process by publication may be had in any of the several courts of this State, and upon any of the parties mentioned in Section 2, in any suit or proceeding:

"A. To enforce any legal or equitable lien upon or claim to any title or interest in real or personal property within the jurisdiction of the court or any fund held or debt owing by any party upon whom process can be served within this State.

"B. To quiet title or remove any encumbrance, lien or cloud upon the title to any real or personal property within the jurisdiction of the court or any fund held or debt owing by any party upon whom process can be served within this State.

"C. For the partition of real or personal property within the jurisdiction of the court:

"D. For divorce or annulment of marriage;

"E. For the construction of any will, deed, contract or other written instrument and for a judicial declaration or enforcement of any legal or equitable right, title, claim, lien or interest thereunder;

"F. For the reestablishment of lost instruments or records which have or should have their situs within the jurisdiction of the Court;

"G. In which there shall have been issued and executed any writ of replevin, garnishment or attachment;

"H. In which any other writ or process shall have been issued and executed so as to place any property, fund or indebtedness in custodia legis;

"I. In scire facias to revive a judgment;

"J. In any other suit or proceeding, not hereinabove expressly mentioned, wherein personal service of process or notice is not required by the statutes or constitution of this State or by the constitution of the United States."

The petition sworn to by petitioner in the Circuit Court was filed March 7, 1942, by the divorced husband and alleges:

"That your petitioner is over the age of twenty-one years and is a resident of New York City, New York; that the defendant is over the age of twenty-one years and is a non-resident of the State of Florida and is a resident of 837 Taylor Avenue, Scranton, Pa., presently sojourning at 320 West 87th Street, New York City, New York; that the statement of said residence as set forth herein is based upon petitioner's personal knowledge.

"That heretofore upon the twenty-ninth day of May, 1937, the Circuit Court of Dade County, Florida, entered a final decree of divorce in the case of Caroline L. Cohn v. Louis Cohn, . . ."

Portions of the decree rendered May 29, 1937, are:

". . . it appearing to the Court that the defendant has appeared and filed his answer herein, and that the Court has jurisdiction over the parties hereto and the subject matter hereof, and it further appearing that plaintiff has, by her proof and evidence, sustained the allegations contained in her bill of complaint, and that the plaintiff is entitled to the relief as prayed for in and by her said bill; and it appearing that the parties hereto have entered into an agreement in writing in respect to the payment of alimony by the defendant to the plaintiff for the maintenance and support of the plaintiff, and the Court having examined the entire record and being otherwise fully advised in the premises, it is hereby

"Ordered, Adjudged and Decreed that the Special Master's report of testimony, findings of fact and con-

clusions of law be, and the same are hereby, in all respects fully approved and confirmed; and it is hereby

"Further Ordered, Adjudged and Decreed that the bonds of matrimony heretofore and now existing between plaintiff, Caroline L. Cohn and the defendant, Louis Cohn, be and the same are hereby forever dissolved and that the plaintiff and defendant are hereby divorced one from the other a vinculo matrimonii; and it is hereby

"Further Ordered, Adjudged and Decreed that the agreement heretofore entered into by and between the plaintiff and defendant herein dated December 14, 1936, providing for the payment by the defendant to the plaintiff of various sums of money as alimony for the plaintiff's maintenance and support be, and the same is hereby in all respects approved, and for the purpose of enforcing the provisions thereof, said agreement is made a part of this final decree as if the same were fully set forth herein pro hac verba; . . .

"Ordered, Adjudged and Decreed that so long as said defendant, Louis Cohn, complies with the terms and provisions of said agreement on his part to be performed, and performs the terms of this decree by making the payments herein provided, the plaintiff, Caroline L. Cohn, shall not in the future pledge the credit of the said defendant, Louis Cohn, for any matter or thing whatsoever, and in the event said plaintiff, Caroline L. Cohn, should pledge the credit of the said defendant, Louis Cohn, in violation of said agreement and this decree, and in the event that said defendant, Louis Cohn, shall be obliged to pay and does pay any such obligation, then the said defendant, Louis Cohn, may deduct any such payments made by him, together with the cost of defending any suit

therefor from any subsequently accruing alimony due or to become due under this decree."

In the petition for certiorari filed by counsel in this Court, it is stated that "she was formerly a resident of Florida in the years 1936 and 1937, and on May 29, 1937, obtained the final decree of divorce."

Service of process on the defendant wife in this proceeding was by publication under the statute.

Defendant wife by counsel filed the following appearance and motion:

"Special Appearance and Motion to Quash

"Comes now the defendant, Caroline L. Cohn, and appearing specially herein, for the sole and only purpose of attacking the jurisdiction of this Court and the purported service of process herein upon said defendant, and moves to quash and vacate the order of publication heretofore entered herein on the seventh day of March, 1942, and to vacate the purported service of process upon said defendant herein, and for grounds says:

"1. That the defendant is a nonresident of the State of Florida and is not within the jurisdiction of this Court and not subject to the jurisdiction of this Court.

"2. That no personal service of process was had upon this defendant.

"3. That there is no statute or other provision permitting the service of process upon this defendant as a nonresident, or a substituted service, or by order of publication in this case.

"4. That there is no basis for the jurisdiction of this Court over this defendant.

"5. That the marital status between the parties hereto was extinguished by the final divorce decree dated May 27th, 1937; that no petition for rehearing was filed in said cause and no appeal taken by said plaintiff from said final decree; that the time for the taking of said appeal has long since expired and this Court has lost jurisdiction over the parties to the original divorce action."

The decree filed June 20, 1942, contains the following:

"The above styled cause comes on before this court upon the special appearance of the defendant and her motions to quash and vacate the order for publication and the purported service of process, and the same being considered;

"It Is Thereupon Ordered, Adjudged and Decreed that said motions be and the same are hereby overruled and denied and defendant allowed 15 days within which to further plead."

On July 1, 1942, the following was filed and recorded in the Chancery Order Book:

"Notice of Appeal and of Intention to File Petition
for Writ of Certiorari

"The defendant, Caroline L. Cohn, takes and enters her appeal to the Supreme Court of Florida to review the Order of the Circuit Court of the Eleventh Judicial Circuit of Florida, bearing date the 20th day of June, 1942, entered in the above styled cause and recorded in the records of said Court in Chancery Order Book 626, on Page 369, and the plaintiff to said cause is called upon to take notice of the entry of this appeal.

"The defendant further gives notice that she is about to file her petition for writ of certiorari in

the Supreme Court for the sole purpose of reviewing the above Order of the Circuit Court of the Eleventh Judicial Circuit of Florida, bearing date the 20th day of June, 1942, and recorded in Chancery Order Book 626, on Page 369.

"In filing this Notice the defendant does not waive her rights under her Special Appearance and Motion to Quash and does not submit herself to the jurisdiction of this Court for any purpose other than to challenge its jurisdiction over this defendant."

This is not an original suit for alimony but is an application by ancillary proceeding under Chapter 16780, Acts of 1935, brought by the divorced husband in "the Circuit Court of the Circuit in which" a final decree of divorce with agreed alimony has "been rendered," seeking a modification of the agreed and decreed alimony provisions of the divorce and alimony decree on the ground that "the financial ability of the husband" has "been changed since . . . the rendition of such decree," which was rendered May 29, 1937.

It appears that the wife was a resident of Florida when she obtained the divorce and agreed alimony decree; that the husband, a resident of New York, appeared in the suit in which the divorce and agreed alimony were decreed; and that now the divorced wife "is a non-resident of the State of Florida and is a resident of 837 Taylor Avenue, Scranton, Pa., presently sojourning at 32 West 87th Street, New York City, New York."

Chapter 16780, Acts of 1935, quoted herein authorizes ancillary proceedings for the modification of alimony decrees to be rendered and provides that "the Court, after giving both parties an opportunity

to be heard, and to introduce evidence relevant to the issue, shall make such order and judgment as justice and equity shall require, with due regard to the changed circumstances and the financial ability of the husband, decreasing or increasing or confirming the amount of . . . alimony provided for in such agreement, or in such decree and thereafter the husband shall pay and be liable to pay the amount of separate support, maintenance, or alimony directed in such order and judgment, and no other or further amount, and such agreement, of such decree, for the purpose of all actions or proceedings of every nature and wherever instituted, whether within or without this State, shall be deemed to be, and shall be, modified accordingly, . . ."

Petitioner here was a party to the divorce-alimony decree rendered, and Chapter 16780, Laws of Florida, was then in force. The statute authorized the application made in the case for ancillary proceedings quasi in rem seeking to modify the original alimony decree rendered in the same case between the same parties, in a divorce and alimony suit as to which the State laws are binding on both parties who were active parties in the cause. A binding *res* within the jurisdiction of the court, service or notice by publication is authorized by the laws of Florida, and no applicable Federal law is violated by service of notice by publication. The non-resident defendant having appeared, though specially, has notice of the application made under the statute in force when the alimony decree was rendered at her suit in which the husband appeared. State statutes authorizing service of notice or process by publication were then and are now in force. See paragraphs D and J of Section 1, Chapter

20452, Acts of 1941, and previous statutes. 17 Am. Jur. p. 496-572.

In Norton v. Norton, 131 Fla. 219, 179 So. 414, it is stated that the court had jurisdiction to entertain the petition for increase of agreed alimony and to order process thereon, and that

"The petitioner filing such a petition must substantially comply with the statute and may only proceed with the cause after service of process on the respondent, or after the voluntary appearance of the respondent." (text page 227.)

The respondent appeared in the cause and the court did not have occasion to decide that in such cases as this seeking a reduction of agreed and decreed alimony, "service of process on the respondent" must be personal and not by publication when the respondent is a non-resident of Florida.

Interlocutory certiorari denied and stay order vacated.

BROWN, C. J., BUFORD and ADAMS, JJ., concur.