HORTON, Judge.
An interlocutory appeal has been taken from an order sustaining the appellee’s .special appearance in a proceeding brought ,by the appellant-wife pursuant to § 65.15, Fla.Stat., F.S.A., to increase alimony payments provided for in a prior property settlement agreement.
A final decree divorcing the appellant and the appellee was entered in the Circuit ■Court of Dade County on the 24th day of February, 1949. This decree ratified and ■confirmed a prior property settlement agreement entered into between the parties, and the court retained jurisdiction of the cause “to enforce the provisions contained in said agreement”. On April 18, 1958, the appellant filed a motion in the old proceeding to increase alimony payments on the basis of an increase in the cost of living. There is no allegation or suggestion that appellee is in default under any of the provisions of the property settlement agreement. It was alleged in this motion that the appellee was represented by a Miami Beach attorney in the original divorce proceeding and that the appellee’s residence was Spartenburg, South Carolina. In addition, it was shown that the appellee, through a New York attorney, had filed a demand for arbitration with the American Arbitration Association under the terms and provisions of the property settlement agreement. Attached to the motion for increase in alimony was a certificate by appellant’s counsel that a copy of the motion to increase alimony had been mailed to ap-pellee’s local attorney in the prior divorce proceeding, to the appellee in Spartenburg, South Carolina, to the New York attorney for appellee who had filed the arbitration demand, and to the American Arbitration Association in New York. An additional certificate of service was made by appellant’s counsel, certifying that copies of the motion to increase alimony, notice of hearing and notice of taking deposition had been served upon the appellee by mail at Charlotte, North Carolina. On May 19, 1958, the appellee filed a special appearance in which he traversed the method of service and in general questioned the jurisdiction of the court over his person. It does not appear from the record that service of process of any kind was made or attempted upon appellee.
The appellant has made four assignments of error, but we conclude that they relate to the principal question of whether or not it was necessary in a proceeding of this nature for the appellant to effect service of process upon the appellee before he would be subject to the jurisdiction of the court.
Section 65.15, supra, provides for modification, by reason of changed circumstances of the husband, of any agreement or decree of separate maintenance or alimony, by application of either party to “[1] the *602 circuit court of the circuit in which the parties, or either of them, shall have resided at the date of the execution of such agreement, or [2] shall reside at the date of such application, or [3] in which such agreement shall have been executed, or [4] in which such decree shall have been rendered, * * * Consequently, if application can be made for modification outside the jurisdiction of the court granting the decree, then obviously the legislature must have intended and considered it in the nature of a new proceeding.
In effect, the appellant-wife seeks to obtain by modification a money judgment against the appellee-husband over and above that provided for in the agreement and to accomplish this result under the theory that the Circuit Court of Dade County, having once obtained jurisdiction of the parties in a divorce action in 1949, still retains that jurisdiction for all purposes. The facts here, we feel, fall squarely within the principle set forth by the Supreme Court of Florida in Norton v. Norton, 131 Fla. 219, 179 So. 414, 417, wherein Mr. Justice Buford, speaking for the court, said:
“The final decree of divorce closed the divorce suit, and as jurisdiction was not therein retained for any purpose, that decree became absolute before petition was filed praying modification thereof. The filing of that petition was the commencement of a new suit which could only be maintained by reason of the provisions of chapter 16780, Acts 1935 [now § 65.15, F.S.A.], which proceeding is somewhat analogous to a' suit by bill of review. The petitioner filing such a petition must substantially comply with the statute and may only proceed with the cause after service of process on the respondent, or after the voluntary appearance of the respondent.
“That the proceeding was never intended to be or constitute a step in the original proceeding for divorce, is clearly apparent because the statute provides that it may be instituted in a jurisdiction in which the divorce suit was not prosecuted.” See Cohn v. Cohn, 151 Fla. 547, 10 So.2d 77, 81, 143 A.L.R. 428.
We have been unable to find wherein the Supreme Court of Florida has receded from, modified or reversed the principle of the Norton case. We recognize that certain confusion may exist as a result of decisions of our Supreme Court in proceedings supplementary to a final decree of divorce, but we conclude that such confusion as may exist can be dissipated by a close analysis of those decisions, the latest of which we have found is Marshall v. Bacon, Fla.1957, 97 So.2d 252, 254. This case is strongly relied upon by the appellant for reversal. We think the Marshall case is distinguishable from the case at bar for the following reasons: (1) The court, in its final decree, expressly retained jurisdiction over the matter of custody, alimony and support money; and (2) proceedings supplemental to the final decree of divorce were instituted by the wife primarily to enforce support provisions of the final decree and to sequester certain cash benefits under three life insurance policies of the husband. The husband was a resident of the State of California and was noticed by mail of the proceedings supplemental to the final decree instituted by the wife. The jurisdictional question was specifically raised and passed upon by the court and in that case, Justice Thornal, speaking for the court, said:
“We must bear in mind that we are dealing here with a proceeding supplementary to divorce. In the original divorce proceeding the Chancellor had jurisdiction of the parties and the subject matter. We have several times held that a proceeding to modify the custody or support money aspects of a final decree of divorce is merely a continuation of the original proceeding and is not to be considered as the institution of a new action. If the husband is given reasonable notice and an opportunity to be heard before the decree is altered’ *603 in any fashion that will directly affect his person, status or property, such notice will suffice to bring him within the orbit of the jurisdiction of the court that acted in the first instance. While there may be some limitations to this general rule we find no such restriction here present. Watson v. Watson, Fla.1956, 88 So.2d 133.” [Emphasis supplied]
We recognize that a divorce decree dealing with the custody and support of minor children never forecloses the right of the court to inquire into changed circumstances that would warrant a revision of such decree or the jurisdiction and power of a chancery court to enforce the provisions of its decree. However, as in this instance, where the appellant-wife seeks a judgment in personam against the appellee-husband for sums over and above that provided for in the property settlement agreement, without the service of any process upon the husband, or his voluntary appearance in the cause, such action should not he maintained. The principles embodied in the Norton and Cohn cases, we feel, are clearly applicable to the facts in the instant case and are controlling. Assuming, arguendo, that the appellant should proceed with her petition in the Circuit Court under the existent circumstances, without service of any process upon the husband, or his voluntary appearance, the question immediately posed is whether a money decree resulting from such a proceeding would be entitled to full faith and credit under Article IV, Section 1 of the Constitution of the United States. We do not believe that it would. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; May v. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221. Cf. Dahlke v. Dahlke, Fla. 1957, 97 So.2d 16.
Accordingly, the order appealed is affirmed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.