113 So.2d 547 (1959)
Celia L. KOSCH, Petitioner,
v.
Sidney KOSCH, Respondent.
Supreme Court of Florida.
July 10, 1959.
*548 Morris Berick, Miami Beach, for petitioner.
Talianoff & Waller, Miami Beach, for respondent.
THORNAL, Justice.
We are asked to review by certiorari the decision of the District Court of Appeal, Third District, appearing at 106 So.2d 600 on the ground that it conflicts with a prior decision of this court on the same point of law in Marshall v. Bacon, Fla. 1957, 97 So.2d 252.
We must determine whether the decision under review conflicts with the prior decision of this court on the matter of the legality of notice to a non-resident former husband in an alimony proceeding supplementary to divorce.
The factual situation is summarized in the cited opinion of the court of appeal. Petitioner Celia L. Kosch was divorced from the respondent Sidney Kosch in Florida in 1949. In 1958 petitioner Celia Kosch moved in the Circuit Court of Dade County, which had granted the divorce, to obtain an increase in alimony payments which had been provided for in the original decree. When the instant proceeding was filed respondent Sidney Kosch was a resident of South Carolina. The original divorce decree ratified and confirmed a *549 "property settlement agreement" entered into between the parties. By this agreement the parties had made disposition of various property interests and had generally released each other from any responsibility one to the other. The sole exception to this broad release provision was the husband's agreement to pay to the wife a certain annual amount payable in monthly installments. There was a provision for increase or decrease of this amount, depending on the circumstances of the parties. There was also a provision for arbitration in the event the parties could not agree upon a requested increase or decrease. In the instant matter the petitioner filed a motion requesting an increase in the monthly payments. She served notice upon the respondent by mail to his address in South Carolina advising him of the time and place of a hearing on her motion. She also sent a copy of the notice to various attorneys allegedly representing the respondent. The respondent filed a special appearance contending that the proceeding instituted by the petitioner was an entirely new suit and that she should have to institute the matter by proper service of process. The chancellor agreed with the respondent and sustained his special appearance. The court of appeal affirmed the chancellor. We are now asked to review the decision of the appellate court.
It is the contention of the petitioner that under our decision in Marshall v. Baker, Fla., 97 So.2d 252, the respondent could be brought before the original trial court upon notice by mail, so long as he was afforded actual notice and a reasonable opportunity to defend.
It is the contention of the respondent that the decree grounded on the "property settlement agreement" terminated the relationship between the parties and produced a degree of finality that would require the institution of a new proceeding based on formal service of process in order to modify the support money aspects of the original decree.
We think there is merit to the position of the petitioner.
By its opinion in Kosch v. Kosch, supra, the district court of appeal took the view that the instant case is controlled by our decisions in Norton v. Norton, 131 Fla. 219, 179 So. 414 and Cohn v. Cohn, 151 Fla. 547, 10 So.2d 77, 143 A.L.R. 428. We think it sufficient to point out that in the Norton case the property settlement agreement between the parties was a complete, comprehensive final settlement. In other words, when the decree was entered approving the agreement nothing further remained to be done as between the parties themselves. There was no continuing obligation on the part of the husband to make alimony or support money payments from time to time in the future. In Norton the rights of the husband and wife as between themselves terminated with the entry of the divorce decree. There was a final exchange of money for property or conveyance of property as between the parties and a final ultimate discharge of their obligations one to the other.
Cohn v. Cohn, supra, would appear to support the position of the petitioner rather than that of the respondent. In Cohn there was an agreement by the husband to pay alimony. Subsequent to divorce he petitioned for reduction. His wife was a non-resident. He served her constructively by publication. The wife appeared specially and moved to quash the publication. The motion was denied. This court held that personal service was not necessary in order to bring the non-resident wife before the court. In Cohn v. Cohn, supra, this court pointed out that actually in Norton v. Norton, supra, it was not necessary to pass on the sufficiency of the service because there was a voluntary general appearance.
The binding effect of a complete property settlement agreement that defies subsequent modification is well-illustrated by Haynes v. Haynes, Fla. 1954, 71 So.2d 491. It will be noted that in Haynes there was *550 no provision for continuing alimony payments. The agreement between the parties was in no fashion executory in nature. It became a binding, obligatory executed contract upon the entry of the final decree. There was no future commitment to the payment of alimony upon which Section 65.15, Florida Statutes, F.S.A. could operate. See also, Rice v. Rice, 148 Fla. 620, 4 So.2d 850; Cowen v. Cowen, Fla. 1957, 95 So.2d 584; Underwood v. Underwood, Fla. 1953, 64 So.2d 281; Valentine v. Valentine, Fla. 1950, 45 So.2d 885; Dix v. Dix, 140 Fla. 91, 191 So. 205.
The confusion which apparently has arisen in cases of this type we believe has resulted from the failure to recognize the nature of the so-called "property settlement agreement". Every agreement providing for the future payment of alimony or support money is not necessarily a final property settlement agreement that precludes subsequent modification by the court which enters the divorce decree.
In fact, Section 65.15, Florida Statutes, F.S.A., specifically recognizes the possibility of arranging alimony payments by agreement between the parties. At the same time it likewise provides for the continuing jurisdiction of the trial court to modify the alimony or support money aspects of such an agreement as the circumstances might justify. This section of the Florida Statutes must be read into every alimony decree or every decree confirming a continuing agreement to pay alimony. When the agreement between husband and wife makes provision for the payment of alimony or sums in lieu of alimony in the future then the cited statute by its own force reserves the jurisdiction of the trial court to modify the alimony aspects of the decree upon a proper showing in the future. See 10 Fla.Jur. "Divorce, Separation and Annulment" Sec. 183 et seq.
It is immaterial whether the chancellor specifically reserves jurisdiction to modify. The power to modify under appropriate circumstances is retained and continued by virtue of the express provisions of Section 65.15, supra. We think caution suggests that jurisdiction be specifically preserved. However, the rule is that such reservation is not essential to the exercise of subsequent jurisdiction to modify. 10 Fla.Jur., "Divorce, Separation and Annulment", Sec. 195; Van Loon v. Van Loon, 132 Fla. 535, 182 So. 205.
In Marshall v. Bacon, supra, as well as in Watson v. Watson, Fla. 1956, 88 So.2d 133; Thompson v. Thompson, 142 Fla. 643, 195 So. 571 and Van Loon v. Van Loon, supra, we held that proceedings to increase, decrease or enforce the alimony or child support provisions of a divorce decree are by nature supplemental to the original decree and are merely a continuation of the original proceeding. The parties having been properly brought within the jurisdiction of the trial court at the outset, the supplemental proceeding which we have described can be bottomed on a reasonable notice which affords an opportunity to be heard. This notice may be by mail and its sufficiency in each particular instance should be tested by its reasonableness and by the adequacy of the opportunity afforded the opposing party to be heard and to defend himself or herself against the petition for modification.
Our examination of the agreement upon which the original Kosch decree was grounded, leads us to the conclusion that it was not a final determination of the property rights of the parties as between themselves insofar as alimony was concerned. On the contrary, the agreement evidenced the recognition of a continuing obligation on the part of the respondent husband to make monthly installment payments of an annual sum due the petitioner. True there was a provision for arbitration, a factor not discussed in the decision of the court of appeal. We will not undertake to discuss it here. Neither do we discuss the *551 contention of the petitioner regarding the alleged general appearance of the respondent who, along with a special appearance, moved the trial court to enforce the arbitration aspects of the original agreement. On the basic question of the sufficiency of the notice to bring the respondent within the jurisdiction of the trial court we have the view that the decision of the court of appeal under assault collides with the prior decision of this court in Marshall v. Bacon, supra, and the decisions therein cited. For this reason the decision of the court of appeal is quashed and cause is remanded to that court for further proceedings consistent herewith.
It is so ordered.
THOMAS, C.J., and TERRELL, HOBSON and DREW, JJ., concur.