## BYRD v. BYRD.
No. 71-7113.

Circuit Court, Lake County.

December 3, 1973.

Neal D. Huebsch, Eustis, for the petitioner.

Arthur E. Roberts, Groveland, for the respondent.

W. TROY HALL, Jr., Circuit Judge.

This cause came on for final hearing before the court, and the wife appeared personally before the court with her attorney, Neal D. Huebsch, and the husband appeared personally before the court with his attorney, Arthur E. Roberts, and the court having heard the testimony of the parties and considered the exhibits and depositions filed in such cause, finds as follows —

*Findings of fact*

That the petitioner-wife, Mary C. Byrd, and the respondent-husband, James R. Byrd, Jr., were married on September 15, 1945, at Reno, Nevada.

That three children were born to such marriage and all of such children are presently of legal age.

That the parties ceased living together as husband and wife in 1967, and have not cohabited together since that time.

That on or about March 8, 1968, the parties entered into a certain separation agreement, which is filed among the pleadings of this cause.

That at the time of entry into the separation agreement, the husband was receiving retirement pay from the United States Navy and earning in excess of $15,000 while employed as an engineer, but has subsequently been unable to find employment in such capacity, and in fact is now completely retired.

That the husband's sole income presently is from a small mortgage and from his retirement pay from the United States Navy and totals approximately $825 per month.

That the wife is presently employed and has been for several years, earning in excess of $446 per month, together with certain fringe benefits.

That the husband is completely unable to fulfill the obligations required of him under the terms of the separation agreement entered into between the parties on March 8, 1968, by reason of his loss of income.

That the wife is fully capable of supporting herself, as demonstrated by her earning capacity for the past several years, and her present holdings of certain savings and other financial reserves.

That at the time of separation, the wife received the greater portion of all assets of the parties acquired during the term of the marriage, and that this voluntary settlement represents lump sum alimony to the wife and negates the necessity for continuing or periodic alimony.

That the marriage between the parties is irretrievably broken and the further continuance or delay of this proceeding would not effectively assist the parties in becoming reconciled.

### Findings of law

That this court is empowered by Chapter 61 of the Florida Statutes to hear this cause and to grant a dissolution of the marriage of the parties, and to make such other orders affecting their property rights as may be appropriate.

That Florida Statute 61.14 grants the court full authority to decrease, increase, or make such order as equity requires relative to support, maintenance, alimony, etc., insofar as a prior order of court is concerned with adopting an agreement of the parties — *a fortiori* the court has authority not to initially adopt an agreement, due to the changed circumstances and the financial ability of the parties since entry into such an agreement.

Purcell v. Purcell (DCA1, 1969), 223 So. 2d 389, confirms that it is axiomatic that the trial judge in his discretion may modify the agreement of the parties, if the husband's financial incapacity to make the payments agreed upon is supported by the evidence, as in this cause.

Florida Statute 61.14 provides for a reduction of alimony or child support if the circumstances justify the reduction, regardless of whether or not the obligated party has fully paid all accrued obligations under a former court order. Certainly, the fact the husband in this case has not had the financial ability to keep current an agreement never previously submitted to any court for approval, should not be held against him.

The Supreme Court of Florida in deciding a case under the forerunner to the present 1971 Florida Statute 61.14 (Kosch v. Kosch, 113 So.2d 547) stated that — "This section . . . must be read into every alimony decree or every decree confirming a continuing agreement to pay alimony." This still seems to be the law because the changes in the statute brought about by the 1971 amendment were to allow — (1) for a consideration of the financial ability of *both* parties; and (2) a petition for a reduction even

though the party petitioning is in arrears. Florida courts have been liberal in overriding the provisions of agreements between the spouses when conditions since entering into the agreement or the entry of the adopting order have changed substantially. *(Florida Family Law, Second Edition, The Florida Bar)*

It is thereupon, ordered and adjudged as follows —

That the court has jurisdiction of the subject matter and of the parties hereto.

That the marriage between the parties hereto is irretrievably broken.

That the marriage between James R. Byrd, Jr. and Mary C. Byrd is dissolved, and the parties are granted a dissolution of marriage a vinculo matrimonii.

That the agreement entered into between the parties on March 8, 1968, is declared to be of no further effect, insofar as alimony and support payments required thereunder are concerned.

That the husband, James R. Byrd, Jr., shall pay unto the wife's attorney, Neal D. Huebsch, the sum of $400 as a reasonable attorney's fee for his services herein, together with $56.73 as costs incurred by the wife in this action, such costs to be paid within ten days from the date hereof, and such attorneys' fee to be paid in eight monthly installments of $50 each, commencing December 15, 1973.