301 So.2d 823 (1974)
Ernest F. WEST, Appellant,
v.
Elizabeth M. WEST, Appellee.
No. 73-425.
District Court of Appeal of Florida, Second District.
October 23, 1974.
*824 Jerome Pratt, Palmetto, for appellant.
Clyde C. Goebel of Grimes, Goebel, Parry, Blue & Boylston, Bradenton, for appellee.
McNULTY, Chief Judge.
This action involves an attempt to enforce in this state a modified New Hampshire divorce decree relating to alimony and other matters. The trial judge accorded the decree "full faith and credit" and ordered compliance therewith.[1] We reverse.
The original divorce action commenced in New Hampshire in 1967. At that time both appellant/husband and appellee/wife were domiciled in and were residents of New Hampshire. In personam jurisdiction was obtained over both parties and, pursuant to New Hampshire law, the court reserved jurisdiction to modify in futuro the resultant decree as it related to alimony and other continuing obligations of the husband.
Subsequently, the husband moved to Florida and in 1971 was served by the Manatee County Sheriff's Department with a copy of the wife's petition filed in New Hampshire asking the original court to modify the final decree in certain respects. He failed to appear in response thereto and a default was entered resulting in the modified decree sought to be enforced here.
At the outset, we summarily dispose of appellant's contention that the New Hampshire court lacked jurisdiction over his person to modify its decree in any respect. When so authorized by state law the reservation of in personam jurisdiction over the parties to modify a decree as to its in futuro provisions continues as long as the effectiveness of the decree; and the party asking for such modification need only afford the other reasonable notice thereof.[2] This, indeed, is consonant with Florida law[3] and is, of course, not violative of any federal concept of due process.[4] *825 Therefore, appellant/husband cannot collaterally attack the modified decree herein on those grounds insofar as said decree in fact modifies a prior decree. But it is otherwise, as we shall see, insofar as it may purport to be a new judicial determination outside the scope of the prior decree and insofar as it may be based upon an entirely new basis for additional relief.
To circumscribe the legal issues before us we now set forth the relevant portions of the appellee's petition to modify, a copy of which was served upon appellant here in Florida as aforesaid:
"Now comes Elizabeth M. West ... and complains against Ernest F. West ... and respectfully says as follows:
1) That the Divorce Decree ... in this case provides that the Petitionee, Ernest F. West, shall pay to your Petitioner the sum of Twenty Dollars ($20.00) per week `reduced to such amount as your petitioner is eligible for and does receive [funds] from the Social Security Administration.' In addition, the Petitionee is obligated to pay the Petitioner's medical bills and real estate taxes, heating bills, electric light bills, and Homeowner's Insurance Policy premiums incurred in connection with [the marital home given to appellee in the divorce proceeding].
* * * * * *
7) The Petitionee has told your Petitioner that he does not intend any longer to comply with said Divorce Decree ...
8) Your Petitioner believes and, therefore, avers that the Petitionee does not in fact intend to comply with the aforesaid Divorce Decree and is in anticipatory breach thereof; ...
9) That your Petitioner is in need of the sum of $6,000.00 in order to make necessary repairs upon her home, which repairs were not needed at the time of issuance of the aforesaid Divorce Decree and some of which repairs the Petitionee had promised he would perform. (Italics ours.)
* * * * * *
11) Ernest F. West is in arrears in the approximate amount of $600.00 under said Divorce Decree.
WHEREFORE, your Petitioner, Elizabeth M. West, respectfully moves and prays:
* * * * * *
(B) That the Decree of Divorce dated November 7, 1967, be amended as follows:
(1) That Ernest F. West be ordered to pay to Elizabeth M. West the sum of $6000.00 for necessary repairs upon [marital home].
(2) That Ernest F. West be ordered to pay to some suitable person or banking institution a suitable sum of money to be held in trust by said person or banking institution in order to pay such amounts of income and/or principal or both therefrom as is necessary to pay the obligations of Ernest F. West to Elizabeth M. West under said Divorce Decree.
(C) That Ernest F. West be ordered to pay [costs and attorney's fees]... ."
Upon appellant's default in the premises as aforesaid, the New Hampshire court entered the following relevant portions of the decree which is the subject matter of the instant proceeding:
"The above entitled case having come on for hearing, it appearing that the Libelant, Ernest F. West, having been personally served with a copy of the Petition to Modify Decree and to Deposit Funds with Trustee, and said Libelant, Ernest F. West, having failed to enter any appearance and having defaulted at the hearing on said Petition, the Petition is taken as confessed and it is hereby ORDERED, *826 ADJUDGED and DECREED as follows:
(1) No finding is made on the issue of contempt.
(2) The Court orders Ernest F. West to pay to the Exeter Banking Company the sum of $15,000.00 to be held in trust and to pay such amounts from income and/or principal thereof as is necessary to pay the obligations of Ernest F. West to Elizabeth M. West as they arise under said Divorce Decree.

(3) That reasonable Attorneys fees and costs as approved by the Court incurred by Elizabeth M. West as a result of having to bring this Petition are to be paid from said sum to be deposited with the Trustee.
(4) That in addition to the aforesaid sum of $15,000.00 to be paid to the Trustee, Ernest F. West is ordered to pay forthwith to Elizabeth M. West the sum of $5,000.00 to pay for necessary repairs upon the residence in which she resides in East Kingston, New Hampshire." (Italics ours.)
Returning to the issue of jurisdiction we first consider paragraph (4) of the decree relating to the award of $5,000 for house repairs. Alluding to paragraphs (1) and (9) of appellee's petition for modification we see that appellant was not obligated by the prior decree to pay any sums for either maintenance or repairs of the marital home given to appellee in the divorce proceedings. Accordingly, while we do not suggest that had appellant remained in New Hampshire and been personally served with process the decree could not have been modified with respect thereto, we do nevertheless say that the continuing in personam jurisdiction which exists for purposes of modifying such decree, cannot operate as a predicate for a new and independent cause of action or for the seeking of new and independent relief not provided for within the scope of that decree.[5] We conclude, then, that so much of the New Hampshire decree before us as relates to the $5,000 payable for necessary maintenance and repairs to appellees' residence is void and amenable to collateral attack.
As to the other provisions the question is whether they are entitled to full faith and credit. Initially, we suggest that it may be helpful to keep in mind in these cases that we are considering them as they stand in the enforcement posture. Florida law on the subject was crystalized and well articulated by Mr. Justice Roberts in Sackler v. Sackler,[6] which stands as the polestar in this state. As we read that case, and the authorities cited therein, we note first that a final decree and/or judgment of a sister state is entitled to "full faith and credit" only insofar as it adjudicates, finally, a past due and payable obligation or establishes a presently required performance. If it is the equivalent of an ordinary judgment at law it is enforceable by fieri facias. If it is a decree relating to alimony and/or support, and it finally determines arrearages or finally establishes a presently required performance, it is enforceable by either such execution at law or by such appropriate remedies as might be available through equitable processes. If, however, a foreign decree in equity is not final or if it relates to continuing obligations which are amenable to subsequent modification or amendment, it is not entitled to "full faith and credit."[7] Rather, as *827 a matter of comity, it may only be enforced in Florida by first establishing it as a Florida decree and thereafter enforcing it as such.[8]
Applying these precepts here, then, we now consider the provision of the New Hampshire decree requiring that $15,000 be deposited in trust in a New Hampshire bank. Patently such provision does not relate to an adjudicated past due obligation of appellant. It clearly relates only to the creation of a fund out of which continuing obligations of appellant under the prior decree might be secured or paid as they become due in futuro. Accordingly, under the settled law, this provision cannot be enforced by according it full faith and credit. If a Florida court, upon the establishment of the New Hampshire decree as a Florida decree as aforesaid, deems it equitable and propitious that such a deposit is meet and proper under the circumstances then made known before it, it can so order;[9] but it should not do so by merely rubber stamping the New Hampshire decree.
We comment, finally, on one other matter. As may have been noted, it was alleged in the petition that appellant was in arrears in the approximate amount of $600.00 under the original divorce decree. Obviously, from what we have said heretofore, the New Hampshire court could well have made a determination thereof and reduced it to final judgment; and had it done so, such decree to that extent would have been entitled to enforcement under the full faith and credit concept. But the fact is the New Hampshire decree did not so determine. Indeed, as may be inferred from its express declination to rule on the issue of contempt, no finding of arrearage was made at all. Accordingly, we cannot say that any portion of the New Hampshire decree before us amounts to a final judgment for arrearages in any amount.
In view whereof, the final judgment appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.[10]
BOARDMAN and GRIMES, JJ., concur.
NOTES
[1] See, Art. IV, § 1, Const. of the U.S.
[2] See, Madsen v. Madsen, 111 N.H. 315, 282 A.2d 667 (1971).
[3] See, Cohn v. Cohn (1942), 151 Fla. 547, 10 So.2d 77.
[4] See, Laing v. Rigney (1896), 160 U.S. 531, 16 S.Ct. 366, 40 L.Ed. 525; Cox v. Cox (3d Cir.1972), 457 F.2d 1190, 1194; and Maner v. Maner (5th Cir.1969), 412 F.2d 449.
[5] Cf. Kosch v. Kosch (Fla. 1959), 113 So.2d 547; and Haas v. Haas (Fla. 1952), 59 So.2d 640.
[6] (Fla. 1950), 47 So.2d 292, 18 A.L.R.2d 856.
[7] In view of the rationale of our disposition hereof we need not determine the question of whether the New Hampshire decree herein might not be final because of a New Hampshire statute which permits the retrospective modification of a past due obligation. This, too, may preclude its "full faith and credit" entitlement under Florida law. See, Cohen v. Cohen (1947), 58 Fla. 802, 30 So.2d 307. See also 10A Fla.Jur., Dissolution of Marriage, Etc., §§ 401-6 at p. 400 et seq.
[8] See, Sackler n. 6 supra.
[9] Id. See also Lanigan v. Lanigan (Fla. 1955), 78 So.2d 92.
[10] As to attorney's fees and costs, each of which was prayed for in the petition for modification, and indeed awarded, we make no comment for the reason that upon remand the caveat relating thereto discussed in Sackler, n. 5 supra, will unquestionably be used as a guideline.