311 So.2d 822 (1975)
Philip P. SPENCER, Appellant,
v.
Rochelle Terebelo SPENCER, Appellee.
Nos. 74-1440, 74-1442.
District Court of Appeal of Florida, Third District.
April 8, 1975.
Rehearing Denied May 16, 1975.
*823 Paul E. Gifford, Miami, for appellant.
Heller & Kaplan and Lynn Richard Mattaway, Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Some of the history of this unhappy litigation over the custody and support of the children of these parties may be found in 261 So.2d 702 (La. App. 4th Cir., 1972); 273 So.2d 605 (La. App. 4th Cir., 1973) and in Spencer v. Spencer, Fla.App. 1974, 305 So.2d 256. The appeals now considered are from subsequent orders. The first order adjudicated Philip P. Spencer in contempt of court and sentenced him to thirty days in jail. The second denied Philip P. Spencer's motion for rehearing and his motion to be allowed to appear specially to prosecute the motion for a rehearing.
On March 14, 1974, the trial court entered an order directing the father to pay $250.00 per week as child support for the children and a $10,000.00 attorney's fee. This order was the subject of appeals numbers 74-521 and 74-522, reported at 305 So.2d 256, previously cited. The order for child support was affirmed and the order for attorney's fees was affirmed but modified by reducing the amount of the fee. Thereafter, the mother filed a "Motion for Contempt and Notice of Hearing." The motion was addressed to attorneys who had *824 represented the father in the custody litigation. In addition, it carried a statement that: "... a copy hereof has been furnished to the above named attorneys and to PHILIP P. SPENCER, by mail ..." The copy mailed to the father was returned marked "refused" but signed by Philip P. Spencer. It shows that the father is a resident of the state of Louisiana.
The trial judge held a hearing pursuant to the notice. There was no appearance by, or on behalf of, the father. After hearing testimony, the trial judge entered an order: (1) adjudging the father in contempt for failure to pay $7,000.00 child support arrearages, (2) sentencing the father to thirty days in jail for the contempt, (3) providing that the father could purge himself of contempt by paying the $7,000.00 within ten days and (4) directing the father to report to the Dade County Jail on the eleventh day if he had not purged himself of contempt.
The substantial question presented here is whether effective service of the "Motion for Contempt and Notice of Hearing" was made upon the father. The Supreme Court of Florida has held that notice of "proceedings to increase, decrease or enforce the alimony or child support provisions" of a dissolution of marriage judgment may be served by mail. Kosch v. Kosch, Fla. 1959, 113 So.2d 547. The opinion states that the sufficiency of notice in each particular instance must be tested by its reasonableness and adequacy of opportunity to be heard in the particular case. See also Prensky v. Prensky, Fla.App. 1962, 146 So.2d 604; Sikes v. Sikes, Fla.App. 1973, 286 So.2d 210.
Does the holding that a proceeding to enforce the child support provisions may be served by mail include a proceeding to hold the respondent in contempt and thereafter order him committed to jail? The father urges that contempt is a proceeding of a different nature and that it requires service of a "rule." This cannot be true because the Supreme Court has promulgated under RCP Form 1.982, a form of "Contempt Notice  Motion and Notice of Hearing." The form provides a certificate for service by mail. We reach the conclusion, therefore, that contempt as a method for enforcement is included in the rules laid down by the Supreme Court in Kosch v. Kosch, Fla. 1959, 113 So.2d 547. Tested by the standard laid down in Kosch and later cases such as Ginsberg v. Ginsberg, Fla.App. 1960, 123 So.2d 57, the notice to the father for the hearing upon the motion for contempt order was sufficient.
We turn now to the sufficiency of the order entered upon the notice. As pointed out, this order has four aspects. First, it adjudged the father in contempt for failure to make child support payments. There can be no doubt of the propriety of this aspect of the order where the father declined to defend. Second, the judge sentenced the father to jail for his contempt. The power to sentence for contempt is a necessary adjunct of the power to find a party guilty of a willful refusal to abide by the court's order. Third, the judge ruled that the father could purge himself of the contempt "by paying the said sum of SEVEN THOUSAND ($7,000.00) DOLLARS to ROCHELLE TEREBELO SPENCER within ten (10) days from the date hereof." It is necessary that an order imprisoning for civil contempt provide that the contemnor may purge himself by the performance of the act ordered. In Re S.L.T., Fla.App. 1965, 180 So.2d 374. The limitation "within ten days from the date hereof" is unlawful and is hereby stricken from the order. Fourth, the judge directed incarceration after the ten day period mentioned above. If the trial judge finds it proper to grant additional time for the performance of an act already ordered performed, he may do so but he may not make incarceration dependent upon facts outside the record. The better method for accomplishing a delay in the execution of imprisonment in contempt proceedings is to require a filing with the court of proof of *825 performance prior to a date upon which an order of commitment is scheduled to be issued. Therefore, this portion of the order was unlawful and is stricken therefrom.
The order appealed is affirmed in part and reversed in part and the cause is remanded with directions to modify the order as indicated.
Affirmed in part, reversed in part, and remanded.