317 So.2d 854 (1975)
Rita G. LAZAR, Appellant,
v.
Stephen LAZAR, Appellee.
No. 74-540.
District Court of Appeal of Florida, Second District.
August 22, 1975.
C. Eugene Jones of Ginsburg, Ross, Dent & Byrd, Sarasota, for appellant.
No appearance by appellee.
McNULTY, Chief Judge.
Appellant-wife appeals the modification of alimony and child support provisions of an Ohio decree. We reverse.
To begin with, we point out that the Ohio court reserved jurisdiction to modify the foregoing decree. This being the case, its provisions are entitled to enforcement by comity, rather than by full faith and credit, as long as the decree is established in Florida as a Florida decree.[1] This was done here.
But a foreign decree so established in this state is enforceable pursuant to Florida law as though it were a Florida decree.[2] Here, the trial court modified the alimony and support provisions when the record clearly reflects that there was no substantial change of circumstances. This is contra to Florida law.[3]
Although the terms of the Ohio decree are arguably burdensome, they are no more so than if they were originally entered in a Florida decree with which the Ohio decree is now in parity; and if originally decreed in Florida the proper vehicle for relief would have been direct appeal, not modification in the absence of substantial change of circumstances.[4]
In view whereof, the order appealed from should be, and it is hereby, reversed and the cause is remanded for further proceedings not inconsistent herewith.
BOARDMAN and SCHEB, JJ., concur.
NOTES
[1] See Sackler v. Sackler (Fla. 1950), 47 So.2d 292; West v. West (Fla.App.2d, 1974), 301 So.2d 823.
[2] Id.
[3] See Rogers v. Rogers (Fla.App.2d, 1969), 229 So.2d 618.
[4] Cf. Chastain v. Chastain (Fla. 1954), 73 So.2d 66.