GLICKSTEIN, Judge,
concurring specially.
On May 3, 1989, the husband filed a petition for writ of prohibition, seeking to prevent the reference of allegations of his contempt to a master without his consent. On May 9, 1989, this court denied the petition. He raises the same point again in his present appeal, filed in February, 1990. Over eighteen months have expired since the wife originally sought relief in the system.
At that time, the husband’s arrearages for permanent alimony were $19,800, his having paid nothing since ordered to do so on April 2, 1987. Later, as of September, 1989, the husband had still paid nothing, the arrearage now totaling $26,100.
Whatever ultimately occurs, the wife has sought and obtained no relief from the system, notwithstanding the financial affidavit’s reflection that the husband had a net worth of $140,000, had gross earnings of $2,000 per month and had stopped working at the importing business in which he had been engaged.
I wish to express my regret for our role in the delay of this cause. The court should have stayed the course the first time the case arrived here, our having earlier decided Slattery v. Slattery, 528 So.2d 1377 (Fla. 4th DCA 1988).
Florida Rule of Civil Procedure 1.490(c) says:
(c) Reference. No reference shall be to a master, either general or special, without the consent of the parties. When a reference is made to a master, either party may set the action for hearing before him.
Slattery and this case are the same — a reference by the trial court on a motion for *951 contempt and an immediate objection by one of the parties to the reference, satisfying the rule and the trial court’s own order. In Slattery, we were compelled by the rule to reverse as we are here and which we hereby do with the hope that trial courts and trial counsel — and we judges here— will follow Slattery so long as it remains the law of the district.
Because of my desire to prevent further delay, I note the following views for whatever they may be to the parties and the trial court to assist in an ultimate resolution, this being only an individual judge’s special concurrence. First, the record establishes, to me, the respondent’s entitlement to relief with two exceptions, the first of which is the present ability of the husband to purge himself of the contempt. Second, the record is making the husband’s incarceration contingent on facts outside the record; namely, giving him a period of days in which to comply. His present, not a contingent, ability to purge is necessary. See Spencer v. Spencer, 311 So.2d 822 (Fla. 3d DCA), cert. denied, 328 So.2d 845 (Fla.1975). In all other respects, I believe the husband’s contentions are meritless.