CARROLL, CHAS., Judge.
The appellee Verta Elaine Green was divorced from the appellant Ralph N. Green on May 7, 1958, in a suit brought by her in the circuit court in Dade County. The decree awarded her $60 a week alimony.
On September 15, 1960, the appellant husband filed in the same court, but not under the file number of the original suit, a petition under § 65.15, Fla.Stat., F.S.A., for modification of the prior decree. His petition referred to the prior suit and decree for alimony, then alleged certain changes in his financial ability, health and earning capacity, and prayed for a decree modifying the prior divorce decree to relieve him of the need to pay alimony.
The chancellor dismissed the suit, sua sponte, for the reason as shown on the face of the order, that he was of the opinion that the petition to modify the prior decree for alimony must be filed in the original divorce suit and could not be filed as a separate proceeding. The correctness of that ruling is challenged by the husband on this appeal.
Under § 65.15, Fla.Stat., F.S.A., a petition to modify a prior alimony decree may be filed either under the original cause number and put in the original suit file, or can be filed separately. The fact that such proceedings for modification of alimony decrees under § 65.15 “are by nature supplemental to the original decree and are merely a continuation of the original proceeding” and may be maintained without service of process simply upon notice and an opportunity to be heard being given to the opposing party (as was held more recently by the Supreme Court in the case of Kosch v. Kosch, Fla.1959, 113 So.2d 547), does not require such a petition for modification to be filed in the original divorce suit. It may be separately styled and filed, and Kosch did not hold otherwise. Nor does the fact that the clerk gives the petition a new file number and files it separately, make it any less a proceeding “supplemental to the original decree and merely a continuation of the original proceeding.” It is the substance of the petition for modification, and not the case file in which it is placed, that determines its nature and validity.
A construction of § 65.15, Fla.Stat., F.S.A., making void all proceedings for modification thereunder other than those in which the petition was styled and filed in the original divorce suit would render a substantial portion of the statute inoperative. For example, the statute permits such petitions to be filed to modify certain alimony agreements between parties even though there has been no divorce suit. Also, where modification is sought of alimony allowed in a divorce decree, the statute, under certain designated conditions, permits the filing of the petition to modify in a circuit other than the circuit where the divorce suit was filed and the decree entered.
For the .reasons stated it was error to dismiss the petition for modification, and the order of dismissal which is appealed from should be and hereby is revex-sed.
Revei'sed.
HORTON, C. J., and PEARSON, J., concur.