BARKDULL, Judge.
This is an interlocutory appeal which seeks review of an order of the presiding judge of the Eleventh Judicial Circuit in and for Dade County, Florida, wherein he denied plaintiff’s motion to vacate and for reassignment of a chancery cause pending in said circuit court. The order complained of arose from the following: Some time prior to September 15, 1961, the appellant had secured a final decree of divorce, wherein there was provided certain support and maintenance for the minor children of the parties. This decree was entered by the Honorable J. Fritz Gordon, Circuit Judge. Thereafter, on the aforesaid date, pursuant to the provisions of F.S. § 65.15, F.S.A., the appellant filed a petition for modification of the final decree as a new action, independent of the original divorce proceedings, which, under the blind filing system in use in the Eleventh Judicial Circuit in and for Dade County, Florida, was assigned to the Honorable Robert H. Anderson, Circuit Judge. Subsequently, the presiding judge for the Eleventh Judicial Circuit in and for Dade County, Florida, the Honorable Marshall C. Wiseheart, transferred the new action by the appellant to the division of said court presided over by the Honorable J. Fritz Gordon, Circuit Judge, pursuant to Rule 7(e) of the Rules of Practice of the Circuit Court of Dade County, Florida.
Thereafter, the plaintiff filed motions attempting to vacate the reassignment and cause the presiding judge to transfer her action to Judge Anderson, wherein it had been originally filed by the clerk under the blind filing system. These motions were denied, and the order entering such denial is that called on for review by this proceeding.
The appellant, relying heavily on the case of Green v. Green, Fla.App.1961, 130 So.2d 293, alleges that she had the election to file her petition for modification in the original action, or she could file a new and independent suit and, if she adopted the latter course, she was entitled to have her cause heard by the judge presiding over the division the cause had been assigned to under the blind filing system. The appellant’s contention is not well taken under either the Green v. Green decision, supra, or the rules of the circuit court. First, as to the Green decision, supra, it did no more than determine that a petition under § 65.15 Fla.Stat., could be filed as an original suit, in addition to being filed in the divorce action. Second, it is clear, from a reading of the rules adopted by the circuit court pursuant to the authority vested in that court by Rule 1.1(d) F.R.C.P., 30 F.S.A., that the presiding judge has the discretion to reassign any cause to a judge who may have prior thereto reviewed matters on the merits which would be material to the subsequent action (as clearly, would be the case in a proceeding under § 65.15 Fla.Stat.). Rule 7(e), Rules of Practice, Circuit Court of Dade County, 1961, reads as follows:
“(e) Cases previously Non-suited, petitions for bills of review or to vacate or set aside prior proceedings, or cases where the merits have already been heard by a Judge of this court; may be reassigned by the Presiding Judge to the Judge before whom the first case was filed.” [emphasis added]
This rule was applicable in this instance. Therefore, the presiding judge was authorized, in his discretion to assign the new proceeding for modification of the divorce decree to the division of the court in which the cause had been originally heard and the final decree of divorce rendered. This record demonstrates no abuse of discretion and, therefore, the orders appealed from are affirmed.
Affirmed.