WAYNE G. THOMPSON v. LILLIAN WHITE THOMPSON.

195 So. 571
Opinion Filed April 19, 1940
Rehearing Denied May 6, 1940

*Knight & Knight, Albion W. Knight* and *L. K. Walrath,* for Appellant;

*Elliot Adams,* for Appellee.

TERRELL, C. J.—August 25, 1931, Lillian White Thompson secured a final decree of divorce from Milton O.

Thompson, service having been made in person on the latter. The final decree of divorce also required Milton O. Thompson to pay his wife $30.00 per week for the support and maintenance of their minor children, said amount being stipulated and agreed to by him as fair and reasonable. He paid said amount for a few weeks and absconded, leaving his wife and children to shift for themselves.

In March, 1939, on petition of Lillian White Thompson, rule to show cause was directed to Milton O. Thompson commanding him to comply with that part of the final decree providing support for his minor children or show cause why he should not be held in contempt for failure to do so. The rule to show cause was returned unserved because defendant could not be found in Duval County.

Lillian White Thompson then filed her sworn petition showing, (1) provision of the final decree requiring support of the minor children, (2) default of defendant to comply with said decree, (3) that the rule to show cause why he should not be ruled in contempt for failure to comply had been returned by the sheriff *non est inventus*, (4) that Wayne G. Thompson (brother of defendant) as administrator *de bonis non* of William R. Thompson, deceased, and executor of the last will and testament of Eva Lane Thompson, deceased (father and mother of defendant) as such holds property in his custody belonging to defendant. Notice of hearing on this petition was given Milton O. Thompson by registered mail. Wayne G. Thompson as administrator and executor appeared and moved to dismiss the plaintiff's petition. There was no appearance on the part of defendant. The court denied the motion of Wayne G. Thompson and entered his order restraining respondent from paying or distributing to defendant any part or parcel

of the property of defendant held in his custody or control and from transferring or alienating any part thereof.

The order further directed Milton O. Thompson and Wayne G. Thompson to file their answers to the petition of Lillian White Thompson within twenty days from date copy thereof was delivered to them which was required to be delivered by registered mail return receipt requested. Milton O. Thompson did not file any pleading so decree pro confesso was entered against him. Wayne G. Thompson filed his answer, the matter was referred to a special master to take testimony and make report of his findings. Based upon the master's report, the court entered his decree for the full amount having accrued under the final decree of divorce for support of the minor children. That decree is here for review.

The question we are required to answer may be stated as follows. When a defendant has defaulted in the payment of installments awarded his wife in a final decree of divorce for support of his minor children and has absented himself from the State where he is immune from process for contempt, can the court determine the amount of such defaults under the final decree of divorce and issue appropriate process against the property of the defendant located in the former state for the enforcement of the decree on simple notice to defendant of its intention to do so?

That question has arisen many times in this country and the courts have invariably held that a proceeding for the adjudication of sums due and unpaid under a decree for continuing installments of alimony or child support is not a new or independent action but is merely incidental to and a continuation of the original suit, and that if defendant was duly served with process or entered an appearance in the original suit for divorce, an adjudication may be made of

such defaults if proper steps are taken to give defendant knowledge of the proceeding. Wells v. Wells, 209 Mass. 282, 95 N. E. 845; Dadmun v. Dadmun, 279 Mass. 217, 181 N. E. 264; Holton v. Holton, 153 Minn. 346, 190 N. W. 542; Jacobson v. Jacobson, 148 N. Y. Supp. 341, 85 Misc. Rep. 253; McWilliams v. McWilliams, 216 Ala. 16, 112 So. 318.

In this case, defendant was served personally in the divorce suit, appeared, and consented to the support decree. He was served by registered mail in the latter proceeding. The final decree, the amount adjudicated to be due, nor the regularity of any other essential element in the cause is challenged. It is merely contended that this is a new proceeding and that defendant has not had his day in court.

When a litigant is shown to have a legal and meritorious claim, the law should be construed to aid its collection rather than as a shield to help defeat it.

It is admitted that decrees for alimony and support of minor children may be enforced in the same manner. Sections 3 and 67 of the 1931 Chancery Act were provided to relieve in a situation of this kind. They give the wife a right to injunction, sequestration, or writ of assistance against the husband to enforce installments decreed for support of his minor children if he cannot be found and has property within the jurisdiction of the forum.

Affirmed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.