AL ANDRUSS v. DORA MAE ANDRUSS
198 So. 213
Division B
Opinion Filed October 25, 1940
Rehearing Denied November 12, 1940

*J. Carl Lambdin,* for Petitioner;
*W. G. Ramseur,* for Respondent.

PER CURIAM.—The respondent, Dora Mae Andruss, plaintiff below, filed a bill of complaint alleging that the plaintiff was granted an absolute divorce October 5, 1934, awarded the sole custody and control of a minor child and

the sum of $50.00 per month permanent alimony which at the time of filing was in arrears the sum of $1,866.00, now due and unpaid. It was further alleged that the defendant's father died intestate, leaving defendant as sole heir to two lots of the value of upwards of $10,000.00. Plaintiff asks the court to determine the exact amount due her from defendant under the terms of said final decree and to fix a lien upon the two lots for the amount determined.

Petitioner moved to dismiss and to strike the bill of complaint on the grounds that plaintiff had a full, adequate and complete remedy at law; that the bill did not contain allegations giving the court jurisdiction; that the court was without power to charge defendant's property with a lien for permanent alimony; and that the procedure followed was not such as is defined in the rules of practice of the circuit courts, statutes and Supreme Court decisions.

Upon application for interlocutory certiorari we have for review the order treating the bill of complaint as a dependent suit and denying the motion to strike and to dismiss the complaint.

It appears from the decree of divorce that jurisdiction of the cause was specifically "retained for such other orders and decrees herein as to the Court may deem meet and proper." The court in its order denying the motions treats the bill of complaint not as an original suit but as a dependent suit, a "bill filed for the purpose of enforcing and carrying into effect a Final Decree of this Court."

Payment of alimony may usually be enforced upon summary application to the court wherein the decree was rendered. 17 Am. Jur., Sec. 659, *et seq.* Although the decree herein was subject to modification, jurisdiction being specifically retained for that purpose, the right to installments of alimony already accrued is vested and the court

has no power to modify provisions as respects to past due installments. 17 Am. Jur., 494; 19 C. J. 309; Kennard v. Kennard, 131 Fla. 473, text 478, 179 So. 660.

A proceeding for the adjudication of sums due and unpaid under a decree for continuing installments of alimony is not a new and independent action but is incidental to and a continuation of the original suit. Thompson v. Thompson, 142 Fla. 643, 195 So. 571. The court in its order deemed and treated the bill of complaint as a dependent suit and a part of the original proceeding.

In the case of Dickenson v. Sharpe, 94 Fla. 25, 113 So. 638, holding that a decree granting permanent alimony does not create a specific lien on the husband's real property unless so provided by statute, Mr. Justice BUFORD states:

"* * * The only way by which an execution would be procurable would be for the claimant under the decree to petition the court for an adjudication against the person against whom the decree was rendered for default in payment of the installments and for an adjudication fixing the amount then due and payable under the terms of the decree and for an order for execution to issue for such specific amount."

In Gaffny v. Gaffny, 129 Fla. 172, 176 So. 68, deciding that a court of equity retaining jurisdiction of the cause, can adjudicate the amount of alimony in arrears, which alimony was ordered to be paid in installments under a previous final decree of divorce, and enter judgment for the amount of such arrearages and order execution to issue thereon, Mr. Justice BROWN in discussing the above quotation has this to say:

"While, as is argued, the foregoing quotation from the opinion might not have been absolutely necessary to the decision of that particular case, it was pertinent to a dis-

644

cussion of the question involved, was concurred in by all the members of this Court, and we now adhere to and apply to this case the enunciation therein made as to the power of the trial court to adjudicate the amount of alimony in arrears, render judgment therefor, and order the issuance of execution. Furthermore, this enunciation appears to be well supported by the authorities. See 1 R. C. L. 951-953, and 19 C. J. 309, and cases cited." See also Vinson v. Vinson, 139 Fla. 146, 190 So. 454, text 456; Van Loon v. Van Loon, 132 Fla. 535, 182 So. 205, text 208.

It appearing that the court in its decree of divorce specifically retained jurisdiction of the cause and later treated the bill of complaint as a dependent suit and part of the original cause, the purpose of which was to obtain a judgment and execution for the arrearage of alimony, we find no error in the order of the court denying the motion to strike and to dismiss the bill. The petition for interlocutory certiorari is hereby denied.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.