88 So.2d 133 (1956)
HOWARD H. WATSON, Appellant,
v.
Lucille WATSON, Appellee.
Supreme Court of Florida, Division B.
June 6, 1956.
*134 E.M. Knight, Lakeland, for appellant.
H.E. Oxford, Lakeland, for appellee.
ROBERTS, Justice.
The principal point for determination here is whether, in the circumstances shown by this record, the lower court had jurisdiction to modify the provision of a divorce decree which required the father to pay to the mother support money for the minor children of the parties "until the further order of this Court to the contrary, or until said children reach their majority." Both parties resided in Florida and were personally before the court at the time the original divorce decree was entered in 1947, but the father thereafter became a resident of another state. A copy of the petition for modification, which sought an increase in the support money for the children, was mailed to the father and was received by him. He employed a local attorney to represent him in the matter, and this attorney attempted to negotiate a settlement agreement with the mother's attorney and obtained a continuance of the hearing on the mother's petition. The parties were unable to agree on the amount to be paid, and the father's attorney then filed a special appearance in the cause and moved to quash the petition on the ground of lack of jurisdiction over the person of the father. The Chancellor denied the motion to quash, heard the evidence adduced by the mother in support of her petition, and entered an order modifying the 1947 decree as to support money for the children. The father has appealed.
We find no error here. The petition for modification in this case was not a new action; it was merely a continuation of the original proceeding. No new service of process was necessary to be made on the father. All that is required in a case like this is that the adverse party be given "adequate notice and opportunity to be heard before such decree may be altered in a manner that will directly affect his person, status or property." Moore v. Lee, Fla. 1954, 72 So.2d 280, 282, 42 A.L.R.2d 1112. The facts of this case, recounted above, are abundantly sufficient to bring it within this rule.
The father also contends here that the order of modification was entered "prematurely," in that the Chancellor denied the motion to quash and proceeded immediately to hear the mother's evidence in support of her petition without affording the father an opportunity to file a responsive pleading. He relies on Rule 1.11 of the Florida Rules of Civil Procedure, 30 F.S.A., as authority for this contention.
We do not decide whether the rule applies in this situation since the question was not raised in the lower court. As shown by the Chancellor's order denying the motion to quash, when the ruling was announced the attorney for the father "announced that the defendant [father] would appeal from this decision and that he would not take any part in the hearing on plaintiff's petition to modify said Final Decree as aforesaid and he withdrew from such hearing and did not take any part therein." In these circumstances, we cannot hold the Chancellor in error for proceeding as he did.
No error having been made to appear, the order appealed from should be and it is hereby
Affirmed.
DREW, C.J., and THOMAS and O'CONNELL, JJ., concur.