97 So.2d 252 (1957)
Gladys Prince MARSHALL, formerly Gladys Prince Bacon, Appellant,
v.
Percy Strother BACON, Jr., et al., Appellees.
Supreme Court of Florida.
October 9, 1957.
*253 Smith & Axtell, Jacksonville, for appellant.
Schneider & Walker, Jacksonville, for appellees.
THORNAL, Justice.
Appellant Gladys Prince Marshall (formerely Gladys Prince Bacon) who was petitioner below seeks reversal of an order of the Chancellor denying relief in a proceeding with reference to modification of alimony and maintenance allowances in a divorce matter.
As presently here the cause turns on the question as to whether the lower court had jurisdiction of the appellee-husband.
On May 14, 1953, the Circuit Court of Duval County entered a decree awarding a divorce to appellant Gladys Prince Bacon. She was likewise awarded the custody of Helen Linda Bacon, the minor child of the parties. The husband, appellee Percy Strother Bacon, Jr., was directed to pay monthly certain amounts for alimony and support money for the minor child. The court expressly retained jurisdiction over the matter of custody, alimony and support money.
Pursuant to appellant's petition setting forth delinquencies in the payment of alimony and support money, the Chancellor, *254 on January 25, 1956, entered a money decree against the appellee covering such delinquencies in the amount of $4,470.64. Thereafter the appellant filed her amended petition alleging that she had possession of three policies of insurance on the life of the appellee, and "that said policies are valuable property or rights to property of the Respondent, Percy Strother Bacon, Jr., and, as such, should in some manner, be subject to realization upon by your Petitioner to secure to her, so far as possible, the rights awarded to her in this Court's Final Decree entered in this cause." She asked that the policies be sequestered and that either the appellee be directed to assign the cash surrender value to her or upon his failure to do so that the insurance companies involved be directed to pay to her the cash surrender value upon surrender of the policies. The three insurance companies were served with summons.
The proceeding against the husband both for the money decree and the adjudication of his rights in the insurance policies was bottomed upon notice to him by mail. At the time that all of this transpired the husband was a citizen and resident of the State of California. So far as we can determine from the record the appellant-wife and the minor child of the parties are both residents of Duval County, Florida.
The husband and the insurance companies appeared specially contesting the jurisdiction of the trial court. The Chancellor dismissed the petition of the appellant requesting the sequestration of the insurance policies, or other relief, and granted the prayer of a separate petition filed by the appellee-husband asking that the policies be returned to him. Review of these orders with reference to the insurance policies is sought by this appeal.
The appellant contends that the cash surrender value of life insurance policies on the life of a husband delinquent in alimony and support money payments can be sequestered and subjected to the claim for such delinquencies.
The appellee contends that the cash surrender value of life insurance policies is exempt from the claims of appellant and their minor child under the provisions of Section 222.14, Florida Statutes, F.S.A.
At the outset we are confronted with an appellate procedural problem. It will be recalled that the appellant comes to this court on a notice of appeal. The order of the Chancellor which she seeks to have reviewed is a post-decretal order, is interlocutory in nature and subject to review by certiorari. Randall v. Randall, 158 Fla. 502, 29 So.2d 238. In our consideration of the matter, however, we accord to appellant the benefit of Section 59.45, Florida Statutes, F.S.A. Her notice of appeal, pursuant to this statute, will be regarded as a petition for certiorari and acted upon accordingly.
The basic jurisdictional question, which the appellee apparently raised in the trial court but does not pursue aggressively by his briefs in this court, must be resolved against him. Assuming as we must do from this record that the trial court had jurisdiction over the wife, the minor child of the parties, and in the ultimate the actual policies of life insurance which were the subjects of the petition and order, we must find that in a proceeding of this nature the husband could be brought before the Chancellor and his rights adjudicated on reasonable notice by mail or otherwise without the necessity of personal service of summons in this state. We must bear in mind that we are dealing here with a proceeding supplementary to divorce. In the original divorce proceeding the Chancellor had jurisdiction of the parties and the subject matter. We have several times held that a proceeding to modify the custody or support money aspects of a final decree of divorce is merely a continuation of the original proceeding and is not to be considered as the institution of a new action. If the husband is given reasonable notice and an opportunity to be heard before the decree is altered in any fashion that will directly affect his person, *255 status or property, such notice will suffice to bring him within the orbit of the jurisdiction of the court that acted in the first instance. While there may be some limitations to this general rule we find no such restriction here present. Watson v. Watson, Fla. 1956, 88 So.2d 133.
In Thompson v. Thompson, 142 Fla. 643, 195 So. 571, we held that when a defendant-husband defaults in payment of installments for alimony and support awarded to a wife by a final decree of divorce and absents himself from the state, thereby immunizing himself from process for contempt, the court can determine the amount of the defaults and issue appropriate process for the sequestration of his property found within the jurisdiction. This can be done upon reasonable notice to the husband giving him the opportunity to be heard in the matter if he so desires.
From the record before us it appears that such notice was given to the appellee-husband. In actuality there can be no doubt that he received the notice for the reason that he appeared specially through his counsel and contested the technical question of jurisdiction. We do not hold that this special appearance brought him within the jurisdiction of the court. We mention it at this point merely to sustain the factual conclusion that he actually received the notice which we also hold was legally sufficient to require his response. In connection with the order directing delivery of the life insurance policies to the husband, we take note of the further fact that he filed his own petition with the Chancellor seeking this affirmative relief. On this aspect of the case there can, therefore, be no question as to the jurisdiction over him for the simple reason that he appeared generally and requested the relief which he received. By his brief he contends that this was merely a response to an inquiry by the Chancellor at one of the several hearings in the matter. Regardless of the motivating factor, we are not inclined to disregard completely the proposition that when a party appears generally and seeks affirmative relief and such relief is granted, he will not be heard to question the jurisdiction of the court in which he appeared.
The primary point argued by the appellee is that the cash surrender value of the life insurance policies is exempted from the claims of appellant by virtue of the provisions of Section 222.14, Florida Statutes, F.S.A., which in substance exempts "cash surrender values of life insurance policies issued upon the lives of citizens or residents of the State of Florida * * *." It is his contention that when the policies were issued he was a citizen and resident of the State of Florida and that his status as of the time of the issuance of the policies controls rather than his domiciliary status at the time that he claimed the exemption. It will be recalled that at the time this exemption was claimed the appellee was a resident of the State of California. We have heretofore disposed of this contention contrary to the position of the appellee. In Slatcoff v. Dezen, Fla. 1954, 76 So.2d 792, we held that under the statute here involved the conditions prerequisite to the exemption are those existing at the time the property is sought to be subjected to legal process. In the case last cited we held that even though the insured was not a resident of Florida when the policies were issued, he was nonetheless entitled to claim the exemption in view of the fact that he was a resident of the State when the attempt was made to subject the cash surrender value of his policies to legal process in this state. The determining factor on this aspect of the statute is the domiciliary status of the insured as of the time that an effort is made to subject the cash values of the insurance policies to the claims of creditors in Florida.
In the matter before us the appellee-husband was a citizen and resident of California at the time he undertook to assert the exemption. He was therefore not entitled to claim the exemption under the cited statute.
*256 Having treated the notice of appeal as a petition for certiorari, it is therefore ordered that the prayer of the petition is granted, the orders sought to be reviewed are quashed and the cause is remanded for further proceedings consistent herewith.
TERRELL, C.J., and THOMAS, HOBSON, and ROBERTS, JJ., concur.