Julian Thomas DARDEN, Appellant,

v.

Harriett Lewis DARDEN, Appellee.

No. 2194.

Municipal Court of Appeals for the
District of Columbia.

Argued June 2, 1958.

Decided Sept. 10, 1958.

S. Jay McCathran, Jr., Washington, D. C., with whom Arthur C. Elgin, Washington, D. C., was on the brief, for appellant.

Dale L. Button, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal raises the question whether the trial court correctly held that a judgment rendered in the State of Florida was entitled to full faith and credit. For reasons hereafter stated, we agree with the trial court.

Appellant and appellee were formerly husband and wife. In 1948 they were divorced by a Florida decree in a proceeding in which both personally appeared. The decree required appellant to pay appellee alimony and support money for their children. Thereafter appellant established his residence in the District of Columbia and has resided here for some years. In 1957 appellee filed a petition in the Florida court, alleging arrearages in the payment of alimony and support money and asking a determination of such arrearages. A copy of the petition, together with notice of the time and place set for its hearing, was sent by registered mail to appellant in the District of Columbia. When this mail was tendered to him he refused to accept it. When the petition came on for hearing before the Florida court appellant did not appear personally or through counsel, and the court proceeded to determine the arrearages and entered judgment against appellant pursuant to its determination. Thereafter the present action, based on that judgment, was filed in the District of Columbia.

Appellant's contention is that the Florida judgment was entered without affording him due process of law and consequently is not entitled to full faith and credit. His argument is that the Florida court lacked jurisdiction to render a personal judgment against him, "a non-resident of that State who was not within the jurisdiction of the Court at any time during the proceeding and who had no property within the State."

**699**

In Florida the rule is that a proceeding for adjudication of sums due and unpaid under an alimony decree is not a new and independent action, and if the defendant was personally served in the original action adjudication may be made "if proper steps are taken to give defendant knowledge of the proceeding." Thompson v. Thompson, 142 Fla. 643, 195 So. 571, 572. In such a case all the defendant is entitled to is reasonable notice and an opportunity to be heard, and such notice may be given by mail. Watson v. Watson, Fla., 88 So.2d 133; Marshall v. Bacon, Fla., 97 So.2d 252. See also Moore v. Lee, Fla., 72 So.2d 280, 42 A.L.R.2d 1112.

The Florida rule is generally in accord with that in other jurisdictions. See annotation in 168 A.L.R. 232, 234, where it is said: " * * * the courts are generally agreed that personal jurisdiction acquired over the defendant husband in a divorce suit in which a decree for divorce and alimony has been rendered against him is sufficient to authorize the divorce court subsequently to render a judgment for arrears of accrued alimony upon constructive service of process upon the husband; and the judgment so rendered for arrears of accrued alimony is a valid judgment conforming to requirements of due process, and not only of effect in the jurisdiction in which it has been rendered but entitled to recognition in other jurisdictions."

Both parties here rely on Griffin v. Griffin, 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635. We believe that decision clearly upholds the validity of the judgment in question. In the Griffin case the judgment for arrearages was held invalid because it "was entered without actual notice to or appearance by petitioner (defendant), and without any form of service of process calculated to give him notice of the proceedings";[1] and it was held that due process requires "some form of notice by personal or substituted service."[2] See Sewell v. Trimble, 84 U.S.App.D.C. 193, 172 F.2d 27.

In the instant case copy of the petition, with notice of time and place of hearing, was sent to appellant by registered mail. The mail was personally tendered to him and he deliberately refused to accept it. The Florida judgment was rendered only after appellant was afforded reasonable notice and an opportunity to be heard; and the trial court properly held such judgment entitled to full faith and credit.

Affirmed.

1. 327 U.S. 220, 228, 66 S.Ct. 556, 560.

2. 327 U.S. 220, 228, 66 S.Ct. 556, 560.