HORTON, Chief Judge.
Catherine G. Arrington (formerly Catherine G. Brown) appeals from an order vacating a judgment for child support entered April 10, 19S3, and ordering the sheriff to release the appellee’s automobile which had been .levied upon to satisfy said judgment.
The parties to this cause were divorced on August 25, 1949. The decree granted custody of the minor child to the appellant and required the appellee to pay $50 per month for support of said child.
On April 10, 1953, the chancellor, upon the appellant’s petition, entered judgment for the sum of $1,150 against the appellee for arrearage in child support payments. A certification and registered mail receipt indicate that notice of the hearing for the entry of the judgment was mailed to the ap-pellee at an out-of-state residence on April 2, 1953.
After a levy of execution on the judgment of April 10, 1953 had been obtained against a 1958 automobile belonging to the appellee, he sought by complaint in the nature of a bill of review to vacate and set aside the judgment of April 10, 1953 upon the ground that a fraud had been perpetrated on the court in that the appellee had never been served with process nor had he had notice of the proceedings, and therefore, the court lacked jurisdiction.
A hearing was had before the chancellor (the nature of which is not ascertained from the record) at which time the appellant filed a motion to dismiss and an answer. The chancellor thereupon, without benefit of testimony, entered the order from which this appeal is taken.
The basic jurisdictional question which the appellee raised was discussed and determined in the recent case of Kosch v. Kosch, Fla.1959, 113 So.2d 547, 550, where the Supreme Court said:
“* * * [Tjhat proceedings to increase, decrease or enforce the alimony or child support provisions of a divorce decree are by nature supplemental to the original decree and are merely a continuation of the original proceeding. The parties having been properly brought within the jurisdiction of the trial court at the outset, the supplemental proceeding which we have described can be bottomed on a reasonable notice which affords an opportunity to be heard. This notice may be by mail and its sufficiency in each particular instance should be tested by its reasonableness and by the adequacy of the opportunity afforded the opposing party to be heard and to defend himself or herself against the petition for modification.”
See also Marshall v. Bacon, Fla.1957, 97 So.2d 252; Watson v. Watson, Fla.1956, 88 So.2d 133; Thompson v. Thompson, 142 Fla. 643, 195 So. 571.
Applying the test of determining the sufficiency of the notice of hearing, we feel that the chancellor’s order was without sufficient basis in the record to justify the conclusion reached.
Accordingly, the order appealed from is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.
Reversed and remanded.
PEARSON and CARROLL, CHAS., JJ., concur.