KANNER, Judge.
Asserting that the chancellor erred in entering an order to modify a child support decree, plaintiff protests through this appeal that modification was not made an issue before the court and that plaintiff was not given an opportunity to be heard in that regard.
The parties to the cause were divorced, with final decree being entered on June 20, 1958. Pursuant to stipulation between the parties, the decree provided that defendant pay $20 per week for support of the. couple’s minor child. It was also provided that the juvenile court administer enforcement of the payments as authorized by chapter 30258, General Laws of Florida, 1955. Through chapter 59-784, General Laws of Florida, 1959, chapter 30258 was-repealed with the provision being made that, as to all cases pending or payments being made to a juvenile court, these should continue to be handled by those courts until January 1, 1960, unless, by juvenile court order prior to that time, such case or cases were returned to the chancery court. The act provided that such payments should thereafter be made to the clerk of the circuit court for disbursement. These mentioned acts relate to counties coming within a specified population bracket, Hillsborough County being one of them. There is no attempt in the 1959' enactment to provide for a prescribed procedure for change of support payments.
Pursuant to the provisions of chapter 59-784, the juvenile judge through order dated September 30, 1959, returned the case to the circuit court, directing that all subsequent support payments should be made to the clerk of the circuit court. The clerk filed and docketed in the original case under date of January 18, 1961, a “Report of Delinquent Child Support Account Division B” showing the style of the suit, names and addresses of plaintiff and defendant, and the amount delinquent to that date. At the end of the report, it was stated that this notice was being submitted at the request of the plaintiff.
In January of 1961, the circuit court, based upon the above certificate of the clerk, ordered defendant to show cause why he should not be adjudged in contempt of court for having failed to pay $205 support money then in arrears. About two weeks later, the chancellor entered an order modifying support payments, reducing them from $20 per week to $10 per week until May 1, 1961, stating as his reason that the court was advised that plaintiff and the child for whom support was paid were then residing in Tennessee and that defendant was attempting to establish his practice *473 as a chiropractor and needed three months in which to obtain clients. Plaintiff filed motion for rehearing, which was granted and lated denied.
No motion nor petition was made by ■defendant, nor was any basis laid by his applying to the court for reduction of support money. No notice was given plaintiff, ■either that defendant would apply to the eourt for a reduction or as to the contempt hearing. The result of the contempt proceeding was the court’s order modifying the support decree.
When modification is sought of •support provisions contained in a divorce decree, it is necessary that the adverse party be given adequate notice and so afforded an opportunity to be heard and defend himself. See Moore v. Lee, Fla. 1954, 72 So.2d 280, 282, 42 A.L.R.2d 1112;. Watson v. Watson, Fla.1956, 88 So.2d 133; .Arrington v. Brown, Fla.App.1959, 116 So. 2d 461. Additionally, there is the cardinal principle that a judgment upon a matter entirely outside the issues made by the pleadings cannot stand; and that, where an issue is not presented by pleadings or •litigated by the parties during hearing on the pleadings as made, a decree adjudicating such issue is at least voidable on appeal. Cortina v. Cortina, Fla.1957, 98 So. 2d 334.
The chancellor’s order for modifi■cation flowed out of a show cause order in a contempt proceeding confined solely to the question of defendant’s support payment arrearage. Hence, there was no foundation in the pleadings for reduction, nor was the plaintiff afforded an opportunity to be heard upon the matter thus resolved by the chancellor. Accordingly, the order is reversed and vacated.
Reversed.
ALLEN, Acting C. J., and WHITE, J., «concur.