CHARLES CARROLL, Chief Judge.
This matter is before us on a petition of the appellee, under Rule 5.10 F.A.R., 32 F.S.A., to review a supersedeas order.
On December 20, 1967, judgment was entered in favor of the plaintiff-appellee Clarence R. Emmons against the defendant-appellant Jenkins Trucking, Inc., for damages and costs in the aggregate sum of $45,880.73, on which issuance of execution was authorized. On January 25, 1968, the defendant filed a notice of appeal, and moved the trial court for an order fixing the amount and condition of a supersedeas bond, requesting that appellant be allowed 60 days thereafter in which to post super-sedeas bond. The trial court entered the supersedeas order on January 25, 1968, fixing the amount of the bond at $50,000, *281 and in the order provided that “Defendant shall have 110 days in order to file Super-sedeas Bond.”
On or about January 30, 1968, appellee moved the trial court for an order directing the clerk to issue execution. The trial court denied that motion, by an order dated January 30, 1968, which included a provision (therein stated to be an amendment to the supersedeas order of January 25, 1968) directing the clerk to refrain from issuing execution during the period of 110 days from the date of the filing of the notice of appeal.
The petition for review of supersedeas order presents the question of whether it was proper for the trial court, in fixing the amount and conditions of a bond to supersede an appealed money judgment, to provide that the appellant could have 110 days (from the date of filing notice of appeal) within which to post the bond and that execution should not issue during that period.
Upon consideration of the record submitted with the petition, and the briefs and arguments of counsel, we hold that the challenged provision of the supersedeas order was error and was a departure from essential requirements of law. This is so because it operated to give the appellant the benefit of supersedeas of the judgment, without bond, for more than three months, in the absence of any record showing of good cause to stay execution for that period. Inconvenience in obtaining and posting a supersedeas bond promptly, which was the reason advanced here by the appellant, is not good cause to allow a stay or supersedeas without bond.
Rule 5.2 F.A.R. provides that an appeal from a final judgment “shall operate as a stay or supersedeas upon posting bond under the conditions specified herein.” [Italics supplied.]
The appellant argues that since Rule 5.5 F.A.R. provides that a party desiring to supersede a final judgment shall apply to the trial court for an order fixing the amount and conditions of a bond upon filing notice of appeal or at any time prior to filing the record on appeal (which is required to be filed under the rules within 110 days), that operates to give the appellant freedom from execution for such period of 110 days, even where, as here, the appellant promptly obtains an order fixing amount and conditions of bond to be filed. We cannot agree. Rule 5.5, allowing 110 days after appeal within which to apply for an order fixing the amount and conditions of a bond in order to supersede a final judgment as a matter of right, contains no provision precluding execution during that interval and prior to the filing of bond. Under the applicable appellate rule, an appeal operates as a supersedeas when an authorized bond is filed.
In the absence of a showing of some good cause to stay execution as provided for by § 55.38 Fla.Stat, F.S.A., the judgment was subject to execution unless and until bond was filed in the amount and on the conditions which the court had fixed therefor.
Accordingly, the provision of the super-sedeas order of January 25, 1968, as amended by the order of January 30, 1968, by which, in effect, a supersedeas without bond was granted for 110 days from the date of the filing of the notice of appeal, is hereby quashed.
It is so ordered.