**Ingela Idfors MANER, Plaintiff,**

v.

**Pitt Tyson MANER, Jr., Defendant.**

**Civ. A. No. 2642–N.**

United States District Court

M. D. Alabama, N. D.

May 1, 1968.

Jack Crenshaw of Crenshaw & Waller, Montgomery, Ala., for plaintiff.

Charles M. Crook, of Goodwyn, Smith & Bowman, Montgomery, Ala., for defendant.

FRANK M. JOHNSON, Jr., Chief Judge.

### JUDGMENT

This cause is now submitted to the Court upon plaintiff's motion made pursuant to Rule 56, Federal Rules of Civil Procedure, for summary judgment, the affidavit and exhibits in support thereof, and the briefs and arguments of the parties thereon.

This is an action in debt arising from final judgment entered by Florida courts of competent jurisdiction. The defendant to this action is a resident of the State of Alabama and, at the time of the filing of this action, the plaintiff was a resident of the State of Florida within the meaning of 28 U.S.C. § 1332(a).

On April 6, 1964, a decree of separate maintenance was entered between the parties to this action following personal service on Pitt Tyson Maner, Jr., defendant herein. On June 16, 1967, that decree was modified pursuant to Florida Statutes Annotated § 65.15 so as to increase the monthly payments due thereunder and to reduce to final judgment a claim for unpaid past due installments of support under the original decree in the amount of $5,984.00. Relying on that judgment and accrued but unpaid installments due under the decree as modified as a basis for the jurisdictional amount necessary to establish diversity jurisdiction, plaintiff, Ingela Idfors Maner, filed Civil Action No. 2601–N in this court. That action was dismissed on November 7, 1967, on the ground that the Florida court had the power to retroactively modify its decree with respect to past due installments of separate maintenance; hence, the jurisdiction amount was absent since only $5,984.00 of her claims had been reduced to final judgment. The dismissal was without prejudice to plaintiff's presenting a subsequent claim based on *final judgments* from a Florida court.

Following that dismissal, plaintiff petitioned the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, for a reduction of her claims against Pitt Tyson Maner, Jr., to final judgment. That court on February 2, 1968, entered a final judgment in the aggregate amount of $5,949.-83, "said amounts being in addition to and not part of that previous judgment granted petitioner against respondent on June 16, 1967, in the amount of $5,984.-00." On the basis of the Florida judgments entered by a court with personal jurisdiction over the parties and jurisdiction over the marital *res*, defendant is indebted to the plaintiff in the amount of $11,933.83. There is no dispute as to any material fact in this cause.

This Court has jurisdiction over the subject matter and over the parties to this action. 28 U.S.C. § 1332. The judgments now sued on are final judgments within the meaning of Art. IV, § 1 of the Constitution of the United States and as such are entitled to full faith and credit and should be enforced by this court. Plaintiff is entitled to judgment as a matter of law.

Upon consideration of the foregoing, it is the order, judgment and decree of this Court that the plaintiff's motion for summary judgment, be and the same is hereby granted. It is the further order, judgment and decree of this Court that the plaintiff have and recover of the defendant, Pitt Tyson Maner, Jr., the sum of $11,933.83 and costs, for which execution may issue.