Pitt Tyson MANER, Jr., Defendant-Appellant,

v.

Ingela Idfors MANER, Plaintiff-Appellee.

No. 26267.

United States Court of Appeals
Fifth Circuit.

May 13, 1969.

R. Lea Harris, Montgomery, Ala., for defendant-appellant.

Jack Crenshaw, Crenshaw & Waller, Montgomery, Ala., for appellee.

Before RIVES, BELL and DYER, Circuit Judges.

RIVES, Circuit Judge:

Pitt Tyson Maner, Jr. appeals from a judgment of $11,933.83 rendered against him in the Middle District of Alabama. This appeal is the latest litigatory event in a lengthy dispute over separate maintenance awards in favor of Maner's ex-wife, Ingela Idfors Maner.[1]

Mrs. Maner's prior suits to enforce the Florida separate maintenance decrees failed because of her failure to reduce the Florida awards to non-modifiable judgments in an amount sufficient to invoke the federal court's diversity jurisdiction. See 28 U.S.C. § 1332. How-

ever, the prior failures were "without prejudice to [her] presenting a subsequent claim based on final judgments from a Florida court." Maner v. Maner, 302 F.Supp. 894 [M.D.Ala., May 1, 1968]. It is undisputed that on February 2, 1968 a Florida circuit court granted Mrs. Maner final judgment on separate maintenance arrearages in the amount of $5,-949.83. This judgment was "in addition to and not a part of" the June 19, 1967 Florida circuit court judgment of $5,-984.00. The district court consequently found:

"On the basis of the Florida judgments entered by a court with personal jurisdiction over the parties and jurisdiction over the martial [sic] res, defendant is indebted to the plaintiff in the amount of $11,933.83. There is no dispute as to any material fact in this cause.

"This Court has jurisdiction over the subject matter and over the parties to this action. 28 U.S.C. § 1332. The judgments now sued on are final judgments within the meaning of Art. IV, § 1 of the Constitution of the United States and as such are entitled to full faith and credit and should be enforced by this court. Plaintiff is entitled to judgment as a matter of law."

The broad question raised on this appeal is whether the district court properly gave full faith and credit to these Florida money judgments. We find appellant's challenges legally insufficient and affirm.

## I.

Appellant raises the question of finality by arguing, first, that the latest circuit court judgment is on appeal and, second, that separate maintenance awards are inherently non-final and unenforceable under the Full Faith and

1. The factual background of this dipute is reported sub nom. Maner v. Maner, 279 Ala. 652, 189 So.2d 336 (1966); Maner v. Maner, 302 F.Supp. 894 [M.D.Ala., May 1, 1968]; Maner v. Maner, 5 Cir. 1968, 401 F.2d 616. We are told by supplemental papers filed in this appeal that the parties are now divorced under Alabama law.

Credit Clause.[2] Even if an appeal is presently being prosecuted from the circuit court decree, the pendency of such an appeal does not necessarily render non-final a judgment which would otherwise be enforceable under the doctrines of comity or full faith and credit. Under the current Florida practice, a judgment is non-final for enforcement purposes only when an appellant files a supersedeas bond.[3] The record indicates that Mrs. Maner duly recorded the judgment in question and that appellant failed to file a supersedeas bond. The judgment therefore is enforceable notwithstanding the pendency of the appeal. Since the judgment is final for purposes of execution in the state of its rendition, comity compels us to hold that it can be regarded no less than final in Alabama.

The second finality argument urged by appellant is equally unpersuasive. Another panel of this Court said in a prior appeal in this litigation:

"In regard to the enforcement of the Florida alimony decree with respect to installments previously due but unpaid, the full faith and credit clause, Const., Art. IV, § 1, normally would require Alabama courts to enforce that decree unless it were subject to retroactive modification in the state where it was entered. Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682 [54 L.Ed. 905] (1910)."

Maner v. Maner, 401 F.2d 616, 618 (1968). That panel found it unnecessary to determine the question it begged: whether, under Florida law, accrued installment payments are subject to such retroactive modification as would vitiate a foreign suit on the judgment. Although we note that Florida courts generally hold that separate maintenance payments are vested rights not subject to modification,[4] we also find it unnecessary to determine this elusive question of Florida law since Mrs. Maner has reduced the accrued payments to a judgment for a sum certain.

We find no substantial support either in statute or case law for the proposition that a Florida court can modify such a judgment.[5] We, therefore, find that the latest Florida circuit court judgment is final and entitled to enforcement under the doctrine of full faith and credit.[6]

## II.

Appellant collaterally attacks the jurisdiction of the Florida circuit court upon whose judgments Mrs. Maner is presently suing. Specifically, appellant argues that the lack of personal service upon himself obviates enforcement of those judgments in Alabama. We find appellant's argument untenable and hold that the Florida judgments are entitled to enforcement under the Full Faith and Credit Clause.

The record indicates that although Pitt Tyson Maner, Jr. was not

2. Mrs. Maner's brief contains an uncertified copy of a dismissal of the appeal from the latest circuit court judgment. Nonetheless, we proceed on the basis of what is told to us by the record: that an appeal is still pending.

3. 31 F.S.A. Rule 1.550 (Fla.R.Civ.P. 1967); 32 F.S.A. Rules 5.5, 5.2 (Fla.R. Appellate P. 1967); Jenkins Trucking, Inc. v. Emmons, 207 So.2d 280 (Fla.App.1968), cert. den. 210 So.2d 867 (Fla.1968). *See generally,* Annot. 5 A.L.R. 1269 (1920). Cf. Bros., Inc. v. W. E. Grace Manufacturing Co., 5 Cir. 1958, 261 F.2d 428, 433 n. 4.

4. See, e. g., English v. English, 117 So.2d 559 (Fla.App.1960); Goff v. Goff, 151 So.2d 294 (Fla.App.1963).

5. Cf. 4 F.S.A. § 61.14 (1969 Supp.); Adam v. Saenger, 1938, 303 U.S. 59, 62, 58 S.Ct. 454, 82 L.Ed. 649 (Judgment is prima facie evidence of right which it purports to adjudicate).

6. U.S.Const., Art. IV, § 1; 28 U.S.C.A. § 1738 (1967); Barber v. Barber, 1944, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82. Cf. 4 F.S.A. § 61.14, n. 6 (1969 supp.)
   Appellant also questions the propriety of the lump sum determination of the district court. We regard this contention as frivolous and merely note that this appeal is from a judgment of debt, not from an equity decree of domestic relations.

personally served with process in the arrearage proceedings, he was apprised of the proceedings and was therein represented by retained counsel. Under Florida law, enforcement of alimony decrees can be had on "reasonable notice which affords an opportunity to be heard." Kosch v. Kosch, 113 So.2d 547, 550 (Fla.1959). We hold that the arrearage judgments of June 19, 1967 and February 2, 1968 do not offend Florida's doctrine of fair notice. *Id., Accord:* Prensky v. Prensky, 146 So.2d 604, 605 (Fla.App.1962); Arrington v. Brown, 116 So.2d 461, 462 (Fla.App.1959).[7] Consequently, we find that the district court correctly held that the judgments are entitled to enforcement.

Affirmed.

---

7. The Florida standard for notice of proceedings to enforce alimony decrees does not offend the due process clause of the Fourteenth Amendment. Repeated personal service is not an essential element of due process in post-decree enforcement proceedings. *See* Michigan Trust Co. v. Ferry, 1913, 228 U.S. 346, 353, 33 S.Ct. 550, 57 L.Ed. 867. *Cf.* Griffin v. Griffin, 1946, 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635; Nations v. Johnson, 65 U.S. (24 How.) 195, 204–205, 16 L.Ed. 628; Reichert v. Appel, 74 So.2d 674, 676 (Fla. 1954).