
## KERN v. KERN.
No. 2526.
Circuit Court, Lake County.
May 7, 1971.

Ronald P. West, Orlando, for the plaintiff.

Royce D. Pipkins, Orlando, for the defendant.

W. TROY HALL, Jr., Circuit Judge.

The plaintiff ex-wife alleges that the defendant ex-husband has failed to comply with the provisions of a final judgment of divorce entered by this court on October 4, 1968. She contends that the defendant has wilfully withheld child support as provided under the judgment of divorce in the amount of $1,234, and that he withheld periodic payments for alimony in the amount of $150, and that his total arrearage as of August 10, 1970, amounted to $1,384.

She contends that payments voluntarily made by the defendant in behalf of the parties' minor child do not, ipso facto, allow him to reduce periodic child support payments which are otherwise payable to her, and that further, a wife acquires a vested interest

in periodic child support payments which have become past due under the terms of a final judgment of divorce (Warrick v. Hender, 198 So.2d 348-350), and similar vested rights in past-due install-ments for alimony (Andruss v. Andruss, 198 So. 213).

She contends that he had no right to withhold periodic child support payments by virtue of the fact that the child was temporar-ily residing wih him in light of the fact that permanent care, custody and control remained vested in her and that her continuing ex-penses relative to providing for the child were not decreased or otherwise affected (Boyle v. Boyle, 194 So.2d 64).

She contends that the right to determine the priority of payments for obligations incurred in behalf of the child is exclusively hers under the terms of the final judgment, vesting permanent care, custody and control in her.

She contends that having placed the defendant on notice that she would seek an award of attorney's fees and court costs in conjunction with her seeking to enforce the terms of the judgment of divorce, it is within the prerogative of the court, exercising the court's judicial discretion, to make an award of attorney's fees and court costs commensurate with the circumstances of the party and the equities associated with the nature of the case (Hardy v. Hardy, 118 So.2d 106, and Gottesman v. Gottesman, 202 So.2d, 775).

The defendant argues that there has been substantial compliance on his part with the judgment of divorce, and that the arrearage being sought by the plaintiff which occurred prior to the date of the judgment is not properly the subject matter of this hearing, and that such arrearage occurring prior to October 4, 1968, should not be allowed.

He argues that payments made by him toward obligations of the plaintiff and the child entitle him to a credit or setoff against the arrearage alleged by the plaintiff to be due (Mooty v. Mooty, 179 So. 155). In conjunction therewith, he contends that payments made by him, in the total amount of $516.60, resulting from an automobile repossession, should be given such treatment even though he voluntarily co-signed as an obligor on the original purchase of the repossessed automobile. He contends that legal fees and expenses voluntarily incurred by him and relating to the criminal defense of the minor child constitute a further setoff relative to his obligations for child support.

He argues that the payment of $94.03 in gasoline credit tickets signed by the child constitute a further setoff or credit against pastdue installments alleged by the plaintiff. Further, that other monies expended voluntarily by him to provide transportation for

the plaintiff and the parties' child constitute a further setoff or credit against past-due installments for child support or alimony. He contends that the determination of whether to grant a setoff or credit toward the claimed arrearage should not be made on the basis of monies paid directly or indirectly to the plaintiff, but rather as to whether substantial justice would be incurred by granting him a credit toward the claimed arrearage, citing the doctrine of setoff in 10 Fla. Jr. 692 (Mooty v. Mooty, supra). In that regard, he argues that gifts, salaries or monies paid to the child for expenses incurred to provide transportation for the plaintiff and the child constituted such a benefit to the plaintiff and the child as to be accorded the treatment of a credit or setoff against the arrearage accrued.

He further argues that during a portion of the time in dispute the child was self-sustaining and/or self-supporting in that he paid the child during the month of April, 1970, the sum of $371.06 as net salary.

He contends that a common-sense approach to the determination of the issues herein would be best to follow, and that to require strict compliance with the terms of the judgment might keep him from otherwise voluntarily assisting the plaintiff and the child in times of financial need. Further, he should be excused from strict compliance with the judgment provisions where he otherwise voluntarily has undertaken to assist the plaintiff and the child through other financial means.

He further argues that attorney's fees and court costs for the plaintiff's counsel should be denied, and that the attorney's fees and costs sought by plaintiff's attorney are extremely high and would increase the severe financial strain borne by him.

### Issues of fact

Did the defendant wilfully withhold past-due installments of child support in the total amount of $1,324?

Did the defendant wilfully withhold past-due installments of periodic alimony in the amount of $150?

### Questions of law

Does the defendant's voluntary financial assistance to the child constitute a setoff or credit against past-due periodic child-support payments?

Does the defendant's voluntary financial assistance to the plaintiff/wife constitute a setoff or credit against past-due installments of periodic alimony payments?

Does the plaintiff/wife acquire a vested interest in past-due installments of child support and alimony required by a previously entered final judgment or order of the trial court?

Is the plaintiff/wife entitled to an award for attorney's fees and court costs in seeking to enforce the terms of the final judgment of divorce?

## Conclusions

The court having heard testimony by the parties hereto, as well as oral arguments by their attorneys, and the court further having had the benefit of memorandums of the law prepared by the parties' attorneys, and the court having examined the various documents and other materials proffered to the court, and having accorded the testimony, arguments of counsel, memorandums of law and the documents and materials proffered to the court the weight and influence which seemed meet and proper to the court, the court concludes that —

The defendant voluntarily withheld past-due installments of child support, and past-due installments of alimony.

The defendant's voluntary financial support to the minor child, while praiseworthy and admirable, did not constitute a setoff or credit against the past-due installment of child support or periodic alimony payments under the circumstances existing in this case (Warrick v. Hender, supra).

The plaintiff/wife acquired a vested interest in past-due installments of child support and alimony as required in the final judgment of divorce herein, citing Warrick v. Hender, supra, and Andruss v. Andruss, supra.

The court further concludes that the facts and circumstances of the parties in this case, and the nature of the case, would permit an allowance to the wife of reasonable attorney's fees and suit monies, to be paid by the defendant (Gottesman v. Gottesman, supra).

In light of the defendant's objections at the hearing before the court, and further, the plaintiff's having amended the amount of child support being sought at the hearing before the court, the court concludes that no delinquency as to child support accrued prior to the date of the judgment of divorce insofar as the relief being sought herein is concerned.

It is the opinion of this court that the wife acquires a vested right in past-due installments which were provided in the final judgment of divorce for periodic payments for child support as well as for alimony (Warrick v. Hender, supra). Further, voluntary financial obligations incurred and voluntary financial assistance

provided by the defendant did not, under the circumstances of the parties and the nature of the financial obligations incurred and financial assistance provided, constitute a setoff or credit against the past-due installments of periodic payments for child support or alimony payments. This court is further of the opinion that considering the circumstances of the parties hereto, a reasonable award of attorney's fees and court costs are warranted to be awarded to the plaintiff, and court having examined the petition for attorney's fees as well as affidavits as to the reasonableness of the attorney's fees, as well as the affidavit of costs filed in this cause, and the court being otherwise advised in the premises, it is therefore ordered —

That the defendant, Charles E. Kern, is guilty of wilful contempt of this court for failure to pay to plaintiff the sum of $1,058 as past-due child support, and, further, for his failure to pay to plaintiff the sum of $150 as past-due periodic alimony payments, and he is therefore adjudged to be in contempt of this court for his failure to pay the sum total of $1,208 for past-due child support and alimony payments. It is ordered that the defendant, Charles E. Kern, may purge himself of this adjudication of contempt by paying to the plaintiff the sum of $1,208 at the rate of $200 per month, commencing on or before the first day of June, 1971, and continuing thereafter, on or before the first day of each month, at the rate of $200 per month until the amount is paid in full.

It is further ordered that the plaintiff, Lucy T. Kern, is awarded an allowance for attorney's fees and court costs in the amount of $428.50. However, considering the circumstances of the defendant, he shall be permitted to pay said $428.50 by installments at the rate of $100 per month, commencing on or before the first day of June, 1971, and continuing thereafter, on or before the first day of each month at the rate of $100 per month until the full amount shall be paid, payable to Ronal P. West at 25 South Magnolia Avenue, Orlando, Florida.

The court reserves sentencing the defendant, Charles E. Kern, to the Lake County jail pending his compliance with the above order, and further, reserves the right to enter its order reducing the above set forth amounts to judgment pending the compliance with the above set forth curative provisions of this order.

In the event the defendant does not comply with the above order, then it is further ordered that an order of commitment will issue directing that the defendant, Charles E. Kern, be taken into the custody of the sheriff of Lake County, and that he be committed to the county jail of Lake County, for a period to be determined by further order of this court, unless he is sooner discharged by the due process of law.