## Marini v. Vitale Fireworks Manufacturing Co., Inc.

*Alfred V. Papa*, for plaintiffs.
*Carmen F. Lamancusa*, for defendants.

HENDERSON, *P. J.*, June 11, 1975—On June 30, 1972, Emil Paul Marini was injured while conducting a public fireworks display near Pensacola, Florida. The fireworks were purchased from Vitale Fireworks Manufacturing Company, Inc., of New Castle, Pa.

On November 21, 1972, plaintiffs filed a complaint in the Circuit Court of Escambia County, Florida, against Vitale Fireworks and two other named defendants. The case was scheduled for trial on January 10, 1974.

On April 24, 1973, Vitale Fireworks conveyed all land owned by the corporation to Rocco T. Vitale, Sr., and Nancy Ann Vitale, his wife, as tenants by the entireties, for a recited consideration of $30,000. At the time of the conveyance, Vitale Fireworks was, and still remains, a family-owned

corporation. Rocco T. Vitale, Sr., is the president of the corporation.

On January 16, 1974, after trial by jury in the Circuit Court of Escambia County, Florida, a verdict was returned in favor of plaintiffs against Vitale Fireworks in the sum of $95,000. The court had earlier dismissed the case against the other two named defendants. On February 20, 1974, defendant's motion for new trial was denied and final judgment was entered of record. Defendant filed an appeal with the District Court of Appeal of Florida, First District, on March 22, 1974, and the appeal was argued before that court on January 15, 1975. It does not appear that an opinion has been rendered as of this date.

On March 5, 1974, plaintiffs initiated a foreign judgment proceeding in this court at No. 117 of 1974, D.S.B. On October 11, 1974, plaintiffs filed a complaint to set aside the above-mentioned conveyance of realty pursuant to the Uniform Fraudulent Conveyance Act of May 21, 1921, P.L. 1045, No. 379, secs. 1-13, et seq., 39 P.S. §§351-363, et seq. Defendants filed preliminary objections alleging, among other things, that this court did not have jurisdiction, since any action on the Florida judgment would be premature while the judgment is being appealed. Plaintiffs filed an answer to the preliminary objections and moved for summary judgment.

It is fundamental that the full faith and credit clause, United States Constitution art. 4, sec. 1, gives a valid judgment rendered in a court of one State the same effect in the courts of every other State that it would be accorded in the State where it

was initially entered. At issue in this case is whether an action can be maintained in this court on the Florida judgment while that judgment is being appealed in Florida.

There is very little decisional law in Pennsylvania on this point, none of it recent. The only appellate case discussing this issue appears to be Merchants' Insurance Company v. DeWolf, 33 Pa. 45 (1859). In Merchants, plaintiffs obtained a judgment against defendant insurance company in the State of New York. Defendant appealed the judgment in the New York appellate courts. During the pendency of this appeal, plaintiffs filed an action of debt in Pennsylvania based on the New York judgment. At that time, an appeal in the New York courts did not stay the proceedings unless a supersedeas bond was filed. The same was true in Pennsylvania. The Pennsylvania Supreme Court ruled that the action could be maintained on the New York judgment even though the appeal was still pending in the New York courts. However, the court clearly rested its decision on the fact that a writ of error in Pennsylvania, at that time, did not stay proceedings on a judgment unless bond was posted. "A writ of error here [in Pennsylvania] does not stay proceedings on a judgment unless proper bail be entered, and it may still be executed as a judgment, subject to restitution in case of reversal. This rule gives us the principle of the present case.": Merchants' Insurance Company v. DeWolf, supra.

Subsequent lower court cases purporting to apply this rule are distinguishable from the present case and need not be discussed in detail: Wood Co. v. Berry Co., 4 Dist. R. 141 (1895); Magnolia Metal Co.

v Sterling R.S. Company, 6 North. 358 (1899); Dryfoos v. Uhl, 11 Dist. R. 688 (1902); Cushman v. Douville, 21 D. & C. 243 (1934).

The Pennsylvania State Legislature by the Act of July 31, 1970, P.L. 673 (No. 223), art. V, sec. 506, 17 P.S. §211.506(b), has declared that an appeal to an appellate court in a civil matter shall now operate as a supersedeas. Thus, the continued vitality of the rule announced in the Merchants case, supra, appears questionable.

Plaintiff relies on section 4(a) of the Uniform Enforcement of Foreign Judgments Act of December 22, 1965, P.L. 1157, 12 P.S. §924(a). That section provides that a Pennsylvania Court of Common Pleas will stay execution of a foreign judgment pending appeal upon proof that the judgment debtor has furnished security for the satisfaction of the judgment required by the State in which the judgment is rendered. Both parties concede that defendants did not furnish security upon taking their appeal to the Florida appellate court. Further, under Florida law, it appears that a judgment which is appealed without the posting of security is a final judgment for purposes of execution: Travellers Insurance Co. v. Pinkerton-Hays Lumber Co., 120 So. 2d 448 (Fla. App., 1960); Jenkins Trucking, Inc. v. Emmons, 207 So. 2d 280 (Fla. App.), cert. denied, 210 So. 2d 867 (1968); Maner v. Maner, 412 F. 2d 449 (1969).

Thus, this court is confronted with an anomalous state of the law. On the one hand, our legislature has mandated a policy that a judgment rendered in Pennsylvania cannot be executed pending appeal. On the other hand, under section 4(a) of the Uni-

form Enforcement of Foreign Judgments Act, supra, a judgment rendered in the courts of a sister State may be executed upon here pending appeal in the sister State, if bond has not been posted. Since defendants concede that they did not post security upon taking their appeal in Florida, there appears to be no doubt that this court has jurisdiction to permit execution on the Florida judgment even though an appeal is pending.

The Restatement, Conflict of Laws (1934), recognizes the court's jurisdiction in cases of this type but also recognizes the court's discretionary powers to continue the case pending final disposition on appeal:

"Whether proceedings on appeal or error vacate a judgment depends upon the law of the state in which the judgment was rendered. . . . If appellate proceedings do not, by the law of the state in which the judgment was rendered, vacate a judgment for money, suit may be brought upon the judgment in another state; though the court in which the suit is brought will ordinarily continue the case pending disposition of the original suit on appeal.": Restatement, Conflict of Laws, §438, Comment (a) (1934). In accord: Restatement 2d, Conflict of Laws, §107, Comment (e), and §112, Comment (b) (1971).

Defendants urge this court not to permit execution at this time. In support of their position, they argue that the Florida judgment will be reversed on appeal, since the trial court's instruction concerning the doctrine of res ipsa loquitur was not in accord with the recent Florida decision in Coca Cola Bottling Company v. Clark, 299 So. 2d 78 (Fla.

App.), cert. denied 301 So. 2d 100 (Fla., 1974). While we express no opinion in this matter, it would appear that defendant's appeal in the Florida courts is not frivolous.

To simply continue this case pending its final disposition in Florida, as suggested by the Restatement, would appear to contravene the legislative intent of the Uniform Enforcement of Foreign Judgments Act, supra. However, should defendants post bond in this court, there would appear to be no reason why this case could not be continued until defendants have exhausted their appellate remedies in Florida. Thus, we will assume jurisdiction at this time. If defendants post bond in this court within 20 days, the case will be continued pending its outcome in Florida.

Plaintiffs' motion for summary judgment must be denied. Pa.R.C.P. No. 1035(b) allows summary judgment only upon a showing that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law: Prince v. Pavoni, 225 Pa. Superior Ct. 286, 302 A. 2d 452 (1973). Any doubt concerning a material fact must be resolved against the party moving for summary judgment: Kent v. Miller 222, Pa. Superior Ct. 390, 294 A. 2d 821 (1972).

In the instant case, plaintiffs' complaint alleges that the conveyance of real estate from Vitale Fireworks to Rocco and Nancy Vitale constituted an attempt to prevent the application of this realty to the payment of any judgment plaintiffs might receive in the Florida courts. Plaintiffs seek to set aside this conveyance pursuant to the Uniform Fraudulent Conveyance Act, supra. Defendants,

however, contend that the conveyance was made for fair and adequate consideration. Since lack of fair consideration is an essential element to an action under the Uniform Fraudulent Conveyance Act, (cf. Soffee v. Hall, 377 Pa. 306, 105 A. 2d 144 (1954)), plaintiffs are not entitled to summary judgment.

## ORDER

Now, June 11, 1975, it is hereby ordered, adjudged and decreed that plaintiffs' motion for summary judgment is hereby denied.